## PORTER v. HERMANN.

A complaint, alleging that the defendant collected and received certain money, as the agent, *or* attorney in fact, of the plaintiff, and had embezzled and converted the money to his own use, and praying that he be adjudged guilty of fraud, and for judgment and execution against his person and property, is insufficient to sustain a verdict convicting the defendant of fraud.

The allegation is, in substance, that the defendant collected the money as *agent*, or, if not as agent, then as *attorney in fact*.

Where the character or capacity in which a party is alleged to have acted is essential to the charge of fraud, that character or capacity must be averred in direct and positive terms, or the charge must fall.

A charge in the alternative cannot be cured by verdict, nor by a judgment by default.

The words " attorney in fact " are not synonymous with the term " agent."

Attorneys in fact act under a special power created by deed ; the term agent includes all classes of agents, and an agent is not necessarily an attorney in fact, though an attorney in fact is an agent.

*Per Burnett, J.*—Where judgment by default is entered, in an action against a party, for fraudulently converting money of the plaintiff, the summons must have apprised the defendant that, on failure to answer, judgment would be taken against him for the fraud; a mere notice in the summons that a money-judgment would be taken will not support a judgment for fraud.

Such a proceeding is, in its essential character, a *quasi* criminal proceeding, and the defendant should be distinctly apprised of the facts intended to be proved against him.

The complaint should state the facts that constitute the fiduciary capacity, as well as its nature and extent.

It is necessary, in such a case, to charge not only that defendant received the money as agent, but that he converted it in the course of his employment as such.

APPEAL from the Superior Court of the City of San Francisco.

The complaint in this action alleges the possession, in January, 1856, by the defendant, of eleven thousand one hundred and fifty-six dollars, collected by him, " as the agent, or attorney in fact, of the plaintiff," and his embezzlement and conversion of the money to his own use, and prays that he may be adjudged guilty of fraud, and for judgment for the amount and interest, and execution against his person and property. The defendant was personally served, and failing to answer, his default was entered, and the case went to the jury on the question of fraud, upon which a verdict was rendered in his favor. A motion for

a new trial, on the ground of the insufficiency of the evidence to justify the verdict, was then made and overruled; and subsequent-ly a motion for judgment, notwithstanding the verdict, was made, and also overruled. The ruling of the Court below, on these motions, is assigned by the appellant as error.

The complaint alleges that, after so receiving the money, the defendant fraudulently embezzled the same, and converted it to his own use, but does not allege that he did so as agent of plaintiff. The summons only contains a notice that if defendant fail to appear and answer, judgment will be taken against him, for the amount claimed in the complaint, and costs. Judgment was entered in the Court below, for plaintiff, for the amount claimed, and in accordance with the verdict of the jury, on the question of fraud.

The plaintiff appealed from the order overruling the motion for a new trial, and from the order overruling the motion for a judgment *non obstante veredicto*.

*Shafter, Park & Shafter*, for Appellant.

This is a case manifestly within the rule established by this Court, governing the exercise of its power in the matter of granting new trials. Dinch *v.* Sanders, Oct. T., 1856; Spock *v.* Hoyt, 3 Cal. R., 413.

But if we mistake in this matter, then it is insisted that the Court erred in overruling the motion for judgment *non obstante veredicto*.

The default was conclusive upon the question of the truth of all the allegations in the complaint.

The fraudulent conversion was alleged, and the default established the fact for all the purposes of the litigation. Harlan *v.* Smith, April T., 1856.

Thereafter, there was no issue to try, for everything, in fact, had been confessed. The issue was not only immaterial, but had no existence in fact, and everything being admitted, a clean case was presented for judgment, *non obstante*. Chitty's Pleadings, 655, 656.

*Hall McAllister* for Respondent.

If the complaint be insufficient to sustain a judgment convicting the defendant of fraud, and authorizing his arrest on final process, the verdict and decision below will be affirmed.

That a judgment has been taken by default, does not dispense with the rule which requires that the proofs shall conform to the allegations, and that the latter must be sufficient to constitute a legal basis on which to predicate the judgment. Hall *v.* Jackson, 3 Texas, 305.

If the complaint do not show a good cause of action, the judgment will be reversed, though no objection be taken below.

This was judgment in favor of plaintiff. Russell *v.* Ford, 2 Cal. Rep., 86.

The case of Matoon et al. *v.* Eder, clearly establishes:

1. That the complaint must charge, in due legal form, the alleged fraud, and must show enough on its face to authorize the arrest of the defendant on final process.

2. That the fraud must be clearly substantiated by the plaintiff, and the facts on which it is based affirmatively found.

3. That the "liberty of the citizen" is to no extent to be presumed away.

4. That the fraud must be distinctly stated in the judgment. Jan. T., 1856.

Does the allegation that it was collected as agent of plaintiff at some time previous to the third of January, one thousand eight hundred and fifty-six, (perhaps twenty years, perhaps fifty years prior) and that on the third of January, one thousand eight hundred and fifty-six, it was in possession of defendant, establish that on that day it must have been in his possession as such agent? Clearly not.

It is not even alleged that from the time of its collection up to third of January, one thousand eight hundred and fifty-six, it remained in defendant's possession. For aught that appears, it might have been collected by defendant years previous to the third of January, one thousand eight hundred and fifty-six, might have been paid over to the plaintiff, and forthwith loaned to the defendant, as to an ordinary debtor, by the plaintiff.

I hope I have succeeded in my analysis of this allegation, and in showing that the statement that at some time defendant collected a sum of money, as agent of the plaintiff, and that said sum of money was in his possession on the third of January, one thousand eight hundred and fifty-six, utterly fails to establish that it was, on that day, in defendant's possession as agent of the plaintiff, particularly where no continuous possession of said sum by defendant, from the time of aforesaid collection, is alleged.

Before leaving the first allegation of the complaint, another part of it attracts attention. It reads, " collected and received by the defendant as the agent or attorney in fact of the plaintiff," etc.

That is, plaintiff substantially says, "I charge defendant with having collected this money as my agent, or if he did not collect it as my agent, charge that he collected it as my attorney in fact."

Is it not clear, according to the elementary rules of pleading, that an alternative averment of this character is utterly worthless—that it amounts neither to a charge against the defendant as agent nor as attorney in fact?

Chitty, quoting from Stephen on Pleadings, says:

" Pleadings must not be insensible, or repugnant, nor ambigu-

ous or doubtful in meaning; not argumentative nor in the alternative." 1 Chitty's Pleading, 236; Griffiths *v.* Eyles, 1 Bos. & Puller, 417, 418—Remarks C. J. Eyre, 418; Cook *v.* Cox, 3 Maule & Selwyn, 110, 113, 114, 115 and 116; Lord Ellenborough, C. J.

The Court will bear in mind that there are cases where a defect is cured by verdict, which same defect would be fatal on a judgment by default. Here, plaintiff claims, and can claim, nothing by the verdict, but asserts that he is entitled to a judgment by default.

Lord Ellenborough decides that the defects of an alternative averment are not cured by verdict, *a fortiori* they are not cured by a judgment by default.

I shall now cite some criminal cases upon this question, for I deem them applicable to a case like the present, where the charge is, to say the least, *quasi* criminal, where the liberty of the subject is seriously involved, and where the punishment, being imprisonment without limit, may prove more onerous and disastrous than a criminal charge of the highest magnitude. The King *v.* Brereton, 8 Modern Rep., 330.

An information for a libel in the disjunctive "that he wrote or caused to be written," is bad.

The point also arose in this case, on motion in arrest of judgment. The King *v.* Stocker, 5 Modern Rep., 137.

An indictment in the disjunctive for "making and forging, or causing to be made and forged, a bill of lading," is bad. 2 Hawkins' Pleas of the Crown, ch. 25, § 58; 2 Rolle's Abridg., 81; Smith *v.* Mall, 2 Rolle's Rep., 263; Rex *v.* Morley, 1 Younge & Jervis Rep., 222, 225, 226; Davy *v.* Baker, 4 Burrow, 2471.

The rule that pleadings must not be in the alternative stands unaffected by our code.

Van Santvoord in his Treatise on Pleading, under the New York code, says:

"It was also, and still is a rule, that pleadings must not be in the alternative or hypothetical."

He then refers to the case from 8 Modern Reports, and to that from Bosanquet & Puller, which have been already cited, and adds:

"This rule has been repeatedly applied to cases of pleading under the code." Van Santvoord's Plead., 201, 202.

One word more as to this allegation of agent or attorney in fact.

The character or capacity in which defendant is charged to have collected the money in question is all essential. It is obvious that he must be charged in one of the characters mentioned in the statute—that is, as agent, factor, or the like, otherwise there can be no pretence for an arrest.

Another important point, as to this allegation of conversion, cannot fail to attract notice.

There is no averment that the defendant converted the money in question to his own use, "in the course of his employment as such agent."

This is absolutely essential to constitute a compliance with the Practice Act, § 73, subdivision 2. It is the gist of the whole charge of fraud.

The previous allegation of collection as agent some time prior to the third of January, one thousand eight hundred and fifty-six, cannot, by the most forced construction, be so construed with the subsequent statement of conversion, as to constitute an averment that it was converted as agent; that is, in the course of his employment as such.

If I understand the principles which have been enunciated by this, and other tribunals, in cases like the present, inference, implication, and presumption are to be distinctly discarded in the construction of the pleadings, and the averments are to be full, clear, and pointed. Let these rules be applied to the complaint under consideration, and no single allegation can be found to avail in supporting the charge of fraud.

FIELD, J., after stating the facts, delivered the opinion of the Court.

It is unnecessary to examine the evidence, as we are satisfied that the allegations of the complaint are insufficient to sustain a verdict, convicting the defendant of fraud. The allegations are made, and the verdict is sought in order that the judgment may be enforced by the arrest and imprisonment of the person of the defendant. They must therefore bring the case clearly within the provisions of the statute authorizing arrests, and must be certain and positive, and not ambiguous, argumentative, or in the alternative. The seventy-third section of the Practice Act specifies the cases in which an arrest may be made. In the present action it is sought to bring the defendant within the provisions of the second subdivision of that section which provides for an arrest. "In an action for a fine, or penalty, or for money or property embezzled, or fraudulently misapplied, or converted to his own use, by a public officer, or an officer of a corporation, or an attorney, factor, broker, agent, or clerk, in the course of his employment as such, or by any other person in a fiduciary capacity, or for misconduct or neglect in office, or in a professional employment; or for a willful violation of duty."

The allegation of the complaint is, that the money was "collected and received by the defendant as the agent, *or* attorney in fact, of the plaintiff." This is, in substance, an allegation that the defendant collected the money *as agent,* or if he did not collect as agent, then he collected it as *attorney in fact.* If the defendant can be charged in this alternative form, he may with the same propriety be charged, in the disjunctive form, with the

collection of the money in every character and capacity speci-
fied, thus: That the defendant was in possession of the money
collected and received by him as the attorney, *or* factor, *or* broker,
*or* agent, *or* clerk of the plaintiff, *or* in some other fiduciary ca-
pacity. Under no system of pleading would such alternative
or disjunctive allegations be permitted. Stephen, in his Trea-
tise on Pleading, lays down as rules, that "pleadings must not
be insensible, nor repugnant, nor ambiguous, nor doubtful in
meaning, nor argumentative, nor in *the alternative,* nor by way of
recital, but must be positive in their form." Pp. 377, 388. Van
Santvoord, in his Treatise on Pleading, under the code of New
York, says: "It was also and still is a rule that pleadings must
not be *either alternative or hypothetical,* as where it was charged
that the defendant wrote and published, *or* caused to be written
and published, a certain libel; this was held bad for uncertainty."
P. 200. In 3 Maule & Selwyn, 113, a motion was made in ar-
rest of judgment, in an action of slander, and Lord Ellenbo,
rough, in commenting upon one of the counts in the declaration,
says: "If the allegation had been, that he charged and accused
the plaintiff of insolvency, by word *or* act, the count would
undoubtedly have been bad; and yet the same answer would
apply, that one of the alternatives must have been proved, or
the verdict could not have passed for the plaintiff, and that
either mode of slander is actionable. * * * The allegation
then amount to this, that the defendant, by words, *or* by words
coupled with acts, slandered the plaintiff in his trade, and, there-
fore, it is bad, and not cured by verdict, as a *charge in the alter-
native.*"

Where the character or capacity in which a party is alleged to
have collected money, is essential, as in the present case, to the
charge of fraud, that character or capacity must be averred in
direct and positive terms, or the charge must fall. The defects
cannot be cured by a verdict, as stated by Ellenborough, in the
case above quoted, and it follows, they cannot be cured by a
judgment by default.

But is urged that the words " or attorney in fact," are synon-
ymous with the term " agent," and, therefore, mere surplusage.
We do not so understand their import. All attorneys in fact
are agents, but all agents are not necessarily attorneys in fact.
Agent, is the general term which includes brokers, factors, con-
signees, shipmasters, and all other classes of agents. By attor-
neys in fact, are meant persons who are acting under a special
power, created by deed. It is true, in loose language, the terms
are applied to denote all agents employed in any kind of business,
except attorneys at law, but in legal language they denote per-
sons having a special authority by deed. The allegations of the
complaint amount, then, only to this, that the money was col-

lected by the defendant, as general *or* special agent of the plaintiff.

Judgment affirmed.

BURNETT, J.—I concur with my brother Field, in affirming the judgment of the Court below.

1. The judgment was by default, and the summons was fatally defective in this, that it did not apprise the defendant that, upon his failure to appear and answer, the plaintiff would take judgment against him for fraudulently converting the property of the plaintiff. The notice in the summons was that " if you fail to appear and answer the said complaint, as above required, the said plaintiff will take judgment against you for the said sum of eleven thousand one hundred and fifty-six dollars and sixty-two cents, interest and costs, etc." Under such a notice, the plaintiff could only take an ordinary judgment upon default for the money demanded. A defective summons will not sustain a judgment by default. 2 Cal. R., 241.

2. The complaint does not state facts sufficient to authorize the judgment prayed for. It is not only defective in the particular stated in the opinion of my brother Field, but it would not, in my opinion, have been sufficient had the phrase " or attorney in fact " been omitted, or had the conjunction *and* been used instead of *or.*

The proceeding against a party for fraudulently embezzling, misapplying, or converting property, in the course of his employment, *as* agent or in any other fiduciary capacity, is, in its essential character, a *quasi* criminal proceeding, and the defendant should be distinctly apprised of the facts intended to be proved against him. The complaint should state the facts that constitute the party the agent of the plaintiff, if he was but an agent for one especial purpose ; and if a general agent, then an affirmative allegation that he was such general agent, either for all purposes of a certain character, or for business purposes of every kind. Agency is usually created by previous contract between the parties, and the contract should be stated. It may be that the whole question of fraud will turn upon the fact whether the defendant did act in a fiduciary capacity. The facts constituting that fiduciary capacity should be stated with as much certainty, at least, as would be necessary in a complaint where the principal sues his agent for unfaithfully or negligently performing his trust.

In this complaint, it was alleged that on a specified day the defendant was in possession of certain moneys collected and received by him as agent, or attorney in fact. The allegation simply is, that defendant *collected* the money, as agent, not that he then had it in his possession, as such. There is no allegation that he fraudulently converted the same to his own use " in the

course of his employment as such." It is true that he is charged with intending to cheat and defraud. But this is not sufficient. The defendant may have *collected the money as agent*, and then his agency may have ceased, and he may have wickedly intended to cheat and defraud the plaintiff, and still not have been guilty of the offence specified by the statute. It is not the conversion of money by every agent that will come within the intent of the statute. But the conversion must be made while he is agent, in the course of his employment as such, and contrary to the contract between him and his principal. If money be collected by a banker for a customer, in the usual course of business, and placed to the credit of the customer, and then used by the banker as he usually does the money of his other depositors, this would not constitute fraud ;—if the deposit was special, it would.