### PARKER v. WILSON.

#### Opinion delivered June 12, 1911.

STAY BOND—GUARDIAN MAY GIVE.—Kirby's Digest, § 3253, as amended by Acts of 1909, p. 590, providing that "no stay shall be allowed upon a judgment or decree against any * * * agent for * * * failing to pay over money collected by him in such capacity," does not prohibit a stay upon a judgment in favor of a ward against his guardian for money collected by the guardian, as such, and not paid to the ward.

*J. W. House* and *Ratcliffe, Fletcher & Ratcliffe,* for appellants.

*Thomas & Lee* and *Johnson & Burr,* for appellee.

HART, J. A judgment was recently rendered in this court against H. A. Parker as guardian of the estate of Earl Wilson, and the question now presented for our consideration is whether or not Parker is entitled to a stay of judgment under section 3251 of Kirby's Digest.

It is insisted by counsel for appellee that he is not, and in support of their contention they rely upon section 3253 of Kirby's Digest, as amended by the Acts of 1909 (see Acts of 1909, p. 590), which reads as follows:

"No stay shall be allowed upon a judgment or decree against any collecting officer or attorney at law or agent for a delinquency or default in executing or fulfilling the duties of his office or place, or failing to pay over money collected by him in such capacity, or against a principal by his surety, or of a debt due by obligation having the force of a judgment, or of a judgment or decree for specific property, or for the property or its value, or a judgment or decree enforcing a lien in favor of a vendor or mortgagee, or a judgment for personal injury or injuries resulting in death caused by neglect or default of another. In the cases men-

tioned in this action in which a stay is not allowed, the execution shall be so indorsed by the clerk."

It is evident that a guardian does not come within the meaning of the words, "collecting officer or attorney at law," nor do we think a guardian can be said to be an "agent" within the meaning of the statute. The statute in question does not attempt to define or to explain the meaning of the word "agent," and a familiar rule of a construction requires that it be given its common and its usual meaning. An agency is defined to be "a contract, either express or implied, by which one of the parties confides to the other the management of some business to be transacted in his name, or on his account, by which that other assumes to do the business, and to render an account of it." 2 Kent, Comm. 612.

It creates a relation between two or more parties, one of whom is principal, and the other agent. The agent is the substitute of his principal, and derives his authority to act from him. It is apparent, then, that the relation of guardian and ward is essentially different in this respect from the relation of principal and agent. It is true that the guardian transacts business for his ward, but that fact does not constitute him the latter's agent because the guardian does not derive his power and authority to act from his ward. In view of this patent distinction between the relation of guardian and ward and of agent and principal, it can not be said that the statute used the word "agent" in other than its well-known meaning. There is a conclusive presumption that the statute meant what it clearly expressed, and there is no room for construction.

"The current of authority at the present day is in favor of reading statutes according to the natural and most obvious import of the language, without resorting to subtle and forced constructions for the purpose of either limiting or extending their operation." *Phillips County* v. *Pillow,* 47 Ark. 404.

It might be well to include executors, administrators, guardians and other trustees of express trusts within the class of persons who are not allowed to stay judgments rendered against them; but that is a matter which addresses itself to the Legislature.

It follows that Parker is entitled to stay the judgment in this case.

McCulloch, C. J., (dissenting). It is evident to my mind that the Legislature never intended to allow stay of a judgment or decree for recovery of money of the plaintiff in judgment, which the defendant has received and holds in a fiduciary capacity. It is certainly foreign to the spirit of the law to allow a guardian, executor or administrator to stay a judgment for recovery of money belonging to the estate of the ward or decedent which came into his hands, and I think sufficient is found in the letter of the statute to forbid it. The thing is so shocking to all sense of justice that the intention to allow it should not be attributed to the lawmakers unless it is plain from the language used. The word "agent" is one of broad significance, and its meaning is suceptible of being greatly broadened in order to carry out the obvious intention of its use. *Wynegar* v. *State,* 157 Ind. 577; *Wilson* v. *Menechas,* 40 Kan. 648; *Norfolk & W. Ry. Co.* v. *Cottrell,* 83 Va. 512; *Porter* v. *Hermann,* 8 Cal. 619. In *Wilson* v. *Menechas, supra,* the Kansas court held that a statute authorizing the affidavit in replevin suits to be made by an agent included the natural or appointed guardian of a minor, the court saying: "An agent is one who has been intrusted with the business of another; a guardian is one who is entitled to the custody of the property of an infant. * * * We believe the guardian, either the natural or one appointed for the conduct of the action, will be the proper party to make an affidavit in replevin."