## VAUGHAN *v.* ODELL & KLEINER.

Opinion delivered June 12, 1922.

1. BROKERS—RIGHT TO COMMISSION—INSTRUCTION.—In a broker's action for commissions, under a contract providing that the broker should receive all over a stipulated price for selling a tract of land, the refusal to give an instruction that, under the terms of the contract, the broker was entitled to commissions, whether the purchase money was paid or not unless the broker warranted the financial ability of the purchasers, *held* not error.

2. BROKERS—RIGHT TO COMMISSION.—Under a contract for the sale of timber which provided that the broker should be paid all over a stipulated price, the broker must procure the consummation of a sale, and not merely a contract of sale.

3. BROKERS—RIGHT TO COMMISSION.—Where a broker has furnished a purchaser who is ready, able and willing to purchase the timber at the owner's terms, the latter is responsible for the broker's commission should he refuse to convey the property.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*Hogue & Hogue* and *J. E. Ray,* for appellant.

This is not a case where there was any duty resting on the broker to show the production of a purchaser ready, able and willing to buy. That point had been passed. The purchaser was produced and a binding contract was entered into between the owner and the purchaser, and a payment on purchase price had been made. The broker's commission was then earned. 89 Ark. 289, 293, 394; 107 Mass. 550, 44 L. R. A. 503; 128 Ark. 10.

*John P. Lee* and *John L. Ingram,* for appellee.

In this case both parties had to look to the same fund, the owner for his pay for the timber and the broker for remuneration for his services. It was the duty of both to help create that fund, and appellant, whose duty it was to find a purchaser able to buy, failed in his undertaking. Walker on Real Estate Agency 301, § 456; 78 N. E. 106; 81 Ark. 96.

HUMPHREYS, J. This is the second appeal in this case. On the first trial, the circuit court erroneously instructed a verdict for appellees, which resulted in a reversal of the judgment and remand of the cause for a new trial. The issues joined, and the substance of the testimony responsive thereto, were fully stated in the opinion reversing the judgment, so reference is made to the case, under the same style, reported in 149 Ark. at page 118, instead of restating it. On the former appeal, this court construed the contract between appellant and appellee for the sale of a large body of timber owned by appellee to mean that appellant, as a broker or real estate agent, was entitled to a commission for effecting the sale thereof of Carver & Russell, if the non-performance of the contract was occasioned by appellees, the owners of the timber. Under the contract, appellant was to receive, as a commission, the excess above a certain net price to the owners; according to the testimony of appellant, all above $6 per acre, and according to the testimony of appellees, all above $7.50 per acre, for which he might sell the timber. Through the instrumentality of appellant a written contract for the sale of 1040 acres of timber was entered into between appellees and Carver & Russell, for $8 per acre, or a total of $8,320, of which $4,000 was to be paid in cash when the deed was signed; $2,000 in 90 days, and $2,320 in four months. The trial court, in peremptorily instructing a verdict for appellees on the first trial, proceeded upon the theory that, unless the purchase money was finally paid, appellant was not entitled to any compensation under his contract with

appellees for the sale of their timber. This theory did not take into account that the owners of the timber would be responsible for a commission if they were to blame for the nonpayment of the purchase money. There was a conflict in the testimony as to whether the fulfillment of the contract was prevented through the fault of appellees. The judgment was reversed and a new trial directed, in order that the issue of whether the sale failed because Carver & Russell, the purchasers, were unable to comply with the conditions of the contract, or whether appellees wrongfully refused to convey the timber. Upon remand, the cause was submitted to the jury in accordance with the directions given, which resulted in a verdict and judgment against appellant.

Appellant insists that the court committed reversible error in refusing to instruct the jury that appellant was entitled to a commission, under the terms of the contract, whether the purchase money was ever paid or not, unless they found that appellant warranted the financial ability of the purchasers, Carver & Russell, procured by him. The law did not warrant this request. An agreement by an owner to pay a broker or real estate agent all over a stipulated price for selling his property, necessarily implies that the agent shall procure the consummation of a sale and not merely a contract of sale. The owner, of course, would be responsible for the commission should he refuse to convey the property in accordance with the terms of the contract. *Munroe* v. *Taylor*, 78 N. E. (Mass.) 106; *Lewis* v. *Briggs*, 81 Ark. 96.

The court's refusal to give appellant's request was not error. The judgment is affirmed.