## NARDI v. POINSATTE.
### No. 343.

District Court, N. D. Indiana, Fort Wayne Division.

Jan. 6, 1931.

Victor C. Iversen, of Chicago, Ill., and Leonard W. Felker, of Gary, Ind., for plaintiff.

Ira M. Snouffer and Eggeman, Reed & Cleland, all of Fort Wayne, Ind., for defendant.

SLICK, District Judge.

Plaintiff sues defendant on a judgment rendered in the District Court of the United States for the Northern District of Illinois, Eastern Division, and urges that he is entitled to judgment in this court under the full faith and credit provision of the Constitution. Jury was waived and trial had before the court. Special findings of facts and conclusions of law are filed.

Judgment is rendered for the defendant for the reason that the court, upon the evidence in the case, is of the opinion that the United States District Court for the Northern District of Illinois did not have jurisdiction of defendant, and therefore the judgment rendered in that court is void.

There are several reasons why the District Court of Illinois did not have jurisdiction of defendant Poinsatte. I will only mention one or two, however.

The facts found specially disclose a conspiracy on the part of several persons to defraud defendant and others in the sale, or pretended sale, of Texas lands. The evidence discloses that plaintiff furnished all the money to these persons, who were in a conspiracy, with which to carry on. The evidence further discloses that the note sued upon in the District Court of Illinois was part of the consideration received by said conspirators for a pretended sale of Texas land, and that this note was immediately assigned to plaintiff.

The court is of the opinion that there was sufficient evidence to raise the inference that plaintiff had knowledge of the fraudulent dealings of the conspirators, and that when plaintiff presented or caused to be presented to the United States District Court for the Northern District of Illinois the note in question, he had such knowledge, and therefore was guilty of fraud upon the court at the time the judgment was rendered. Fraud in obtaining a judgment destroys the jurisdiction of the court rendering such judgment, and a judgment is always subject to collateral attack when it is sought to be enforced if the court rendering such judgment did not have jurisdiction.

There is another reason why, in my opinion, the District Court of Illinois did not have jurisdiction to render the judgment sued upon, and that is that the cognovit clause of the note authorizes *any attorney of any court of record* to appear and confess judgment. In the certified proceedings of the District Court of Illinois is found the cognovit of Reuben Freedman, and reads

as follows: "And the said Henry J. Poinsatti, defendant, in the above entitled suit by Reuben Freedman, *his attorney*, etc.," and the judgment rendered⁰ by the court, reads: "And thereupon also comes the said defendant Henry J. Poinsatti by Reuben Freedman Esquire *his attorney in fact* and files, etc."

We have then an instrument authorizing confession of judgment by any attorney of any court of record; a cognovit describing the person who confessed the judgment for defendant as his attorney merely; and the judgment rendered describing him as the attorney in fact of this defendant. It is the settled law that a cognovit note authorizing an appearance and confession of judgment must be strictly construed and strictly complied with. This was not done in this case. The United States District Court for the Northern District of Illinois did not have jurisdiction of defendant at the time the judgment sued on was rendered unless: First, summons was issued and duly served upon the defendant; second, defendant entered a voluntary appearance or authorized someone to do so for him; or, third, defendant waived appearance and authorized someone to appear and confess judgment.

Entering of judgment without personal service on defendant would be void because it would be without due process of law. Entering judgment by confession under the cognovit clause of the note must be in strict conformity with such clause. An attorney or any attorney in fact or an attorney at law may be and usually are entirely different and distinct from each other.

The word "attorney" in its broadest sense means a substitute or an agent.

An "attorney at law" is an officer of a court of justice.

An "attorney in fact" is an agent acting under a special power created by deed.

It will thus be seen that all attorneys in fact are agents, but all agents are not necessarily attorneys in fact, and all agents or attorneys in fact are not attorneys at law, and a person may be an attorney or an attorney at law or an attorney in fact and still not be an attorney of a court of record.

"The very definition of attorney in fact excludes the idea that he is authorized to represent his principal in proceedings in court." Harkins v. Murphy, 51 Tex. Civ. App. 568, 112 S. W. 136, 138.

Article 4, section 1 of the Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." By the same article of the Constitution Congress is given power to prescribe the manner of proving and the effect of such acts, records, and proceedings.

Congress has done this, and it is provided that such records and judicial proceedings when authenticated shall have such faith and credit given to them in every court of the United States as they have by law or usage in courts of the states from which they are taken. This does not mean, however, that the court is bound to give full faith and credit to a judgment if the court rendering such judgment did not have jurisdiction to try the case and render the judgment, and the District Court of Illinois did not have jurisdiction except such as was conferred in the cognovit clause of this note authorizing any attorney of any court of record to confess judgment.

The decisions of the courts uniformly hold for a strict interpretation of power granted to confess judgment, and the courts will not aid any omission or defect in the terms of such a provision by any intendment or liberal construction.

The defendant, who was the maker of the note, did not authorize an attorney or an attorney in fact or an attorney at law, but only an attorney of a court of record. There is nothing in the proceedings in this case that discloses that Reuben Freedman was an attorney of any court of record, and therefore the court was without jurisdiction to proceed and enter the judgment, for, as was said by Justice Harlan in National Exchange Bank v. Wiley, 195 U. S. 257, at page 269, 25 S. Ct. 70, 74, 49 L. Ed. 184: "It is thoroughly settled that a personal judgment against one not before the court by actual service of process, or who did not appear in person or by an authorized attorney, would be invalid as not being in conformity with due process of law."

And it was held in Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897, Mr. Justice Bradley presiding, that: "The Constitution did not make the judgments of other states domestic judgments to all intents and purposes, but only gave a general validity, faith and credit to them as evidence, and the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding in another state, notwithstanding the provision of the 4th Article of the Constitution, and notwithstanding the averments contained in the record of the judgment itself."

The case at bar is very similar to the case of National Exchange Bank v. Wiley, supra. It was, as was said in that case, "In legal effect, a personal judgment without service of process upon the defendants, and without their appearance in person or by an authorized attorney. The proceedings were wanting in due process of law."

In that case the court said: "The obligors never consented to judgment by confession in favor of one who was not the owner of the note or entitled to receive its proceeds, and the warrant of attorney cannot be held to have authorized such a confession."

Using this same language and paraphrasing, the principle applicable to the case at bar would read as follows: The obligor or defendant never consented to judgment by confession by one who was not an attorney of a court of record, and the warrant of attorney in the case at bar cannot be held to have authorized such confession by one not shown to have been such at the time he attempted to bind defendant. Defendant did not appoint Reuben Freedman or any one else to appear for him as his attorney in fact and is therefore not bound by his acts. Terms of a cognovit delegating power to confess judgment must be complied with strictly.