In the Matter of the Application of UNITED ARTISTS CORPORATION, Petitioner, for an Order of Certiorari against FRANK J. TAYLOR, as Comptroller of the City of New York, Respondent.

First Department, June 23, 1936.

*Edward C. Raftery* of counsel [*Paul D. O'Brien* and *T. Newman Lawler* with him on the brief; *O'Brien, Driscoll & Raftery*, attorneys], for the petitioner.

*Robert Granville Burke* of counsel [*Oscar S. Cox, Frank J. Derrick* and *Edmund B. Hennefeld* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

*Abner J. Rubien* of counsel [*Leonard Zissu* with him on the brief], for the Gurney Elevator Co., Inc., *amicus curiæ*.

*Harry Levine* of counsel [*William S. Savage* with him on the brief; *William Mallard*, attorney], for the RKO Distributing Corporation, *amicus curiæ*.

*Oliver T. Cowan* of counsel [*Monroe Goldwater* and *Milton Small* with him on the brief; *Goldwater & Flynn*, attorneys], for the Keith-Albee-Orpheum Corporation, *amicus curiæ*.

*Andrew Jackson* of counsel [*Francis T. Christy*, attorney], for the Radio City Music Hall Corporation, *amicus curiæ*.

*Orrin G. Judd* and *Herbert A. Heerwagen*, of counsel [*Davies, Auerbach & Cornell*, attorneys], for the Allied Theatre Owners of New Jersey, Inc., *amicus curiæ*.

PER CURIAM. We agree with the determination of the comptroller that the transaction which is the subject of this appeal constituted a sale within the meaning of subdivision (e) of section 1 of Local Law No. 24 of the New York Local Laws of 1934 (published as Local Law No. 25). It constituted a transfer of the possession, in conjunction with a " license to use " tangible personal property. We are also of opinion that even if such transactions be regarded as originating in interstate commerce (*Binderup* v. *Pathe Exchange, Inc.*, 263 U. S. 291), the city is not deprived of the power to impose a tax upon the disposition of the films after arrival in this State. (*Sonneborn Bros.* v. *Cureton*, 262 U. S. 506; *Wiloil Corporation* v. *Pennsylvania*, 294 id. 169; *Minnesota* v. *Blasius*, 290 id. 1.)

We are, however, of opinion that the order of certiorari should be sustained and the determination of the comptroller annulled in so far as a tax has been imposed upon the licensing of motion picture films for exhibition outside the territorial limits of the city

of New York, notwithstanding that the license agreements were executed within the city. Section 1 of the enabling act (Laws of 1934, chap. 873) provides: " This act shall not authorize the imposition of a tax on any transaction originating and/or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits." In the particular instances now under consideration the transaction, though originating within the city of New York when the license is granted here, is " consummated " when the motion pictures are exhibited under the license outside the limits of the city. By express rulings the comptroller has recognized that the city may not impose a tax upon merchandise delivered outside the territorial limits of the city, even though the contract of sale in concluded within the city. For identical reasons we think that a license to exhibit motion picture films, though executed within the city, is not taxable where the license requires that it be exercised beyond its territorial limits. The " transaction," which the local law defines as a sale, is not " consummated " until the film is exhibited under the " license to use " beyond the city limits.

The order of certiorari should be sustained and the determination of the comptroller annulled in so far as a tax has been imposed upon the licensing of motion picture films for exhibition outside the territorial limits of the city of New York, without costs.

Present — MARTIN, P. J., McAVOY, UNTERMYER, DORE and COHN, JJ.

Order of certiorari unanimously sustained and the determination of the comptroller of the city of New York annulled in so far as a tax has been imposed upon the licensing of motion picture films for exhibition outside the territorial limits of the city of New York, without costs.