In the Matter of C. G. GUNTHER's SONS, Respondent, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Appellant.

Argued October 20, 1938; decided November 29, 1938.

*William C. Chanler,* Corporation Counsel (*Meyer Bernstein, Arthur A. Segall* and *Sol Charles Levine* of counsel), for appellant. The transaction or sale upon which the Comptroller imposed the tax, *i. e.,* the transfer of title or possession, was consummated within the city of New York. Delivery was effected when the garment was stored with the petitioner, as bailee for the customer. The subsequent shipment to the address designated by the customer cannot affect the previous transfer of title or possession. (*Van Brocklen* v. *Smeallie,* 140 N. Y. 70; *Hurd* v. *Cook,* 75 N. Y. 454; *Groat* v. *Gile,* 51 N. Y. 431; *Bradley* v. *Wheeler,* 44 N. Y. 495; *Sanitary Carpet Cleaner* v. *Reed Mfg. Co.,* 159 App. Div. 587; *Boiko & Co.* v. *Atlantic Woolen Mills, Inc.,* 195 App. Div. 207; 234 N. Y.

583; *Hier* v. *Wightman*, 197 App. Div. 214; 233 N. Y. 646; *Bank of Italy* v. *Merchants Nat. Bank*, 113 Misc. Rep. 314; 197 App. Div. 150; *Ferry* v. *South Shore Growers & Shippers Assn.*, 189 App. Div. 542; *Sanger* v. *Waterbury*, 116 N. Y. 371; *Bristol Mfg. Co.* v. *Arkwright Mills*, 213 Mass. 172; *Frey Co.* v. *Silk, Inc.*, 245 Mass. 534; *Atherton* v. *Beaman*, 264 Fed. Rep. 878.) The Enabling Act (L. 1934, ch. 873) does not forbid the taxation of the transactions involved. These transactions are not related to interstate commerce, being separate and distinct from the later shipments. Hence, the tax was imposed upon local transactions occurring long before movement across State lines had begun. (*Henneford* v. *Mason Co.*, 300 U. S. 577; *Matter of National Cash Register Co.* v. *Taylor*, 252 App. Div. 90; 276 N. Y. 208; 303 U. S. 656; *Matter of American League Baseball Club of New York* v. *Taylor*, 248 App. Div. 873; 274 N. Y. 475; *Heisler* v. *Thomas Colliery Co.*, 260 U. S. 245; *American Mfg. Co.* v. *St. Louis*, 250 U. S. 459; *Bacon* v. *Illinois*, 227 U. S. 504; *Coe* v. *Errol*, 116 U. S. 517.)

*R. L. von Bernuth* and *John F. Boyer* for respondent. Petitioner's sales of merchandise involving future delivery without the city of New York were not taxable. (*Bready* v. *Wechsler Co.*, 200 App. Div. 78; 235 N. Y. 539; *Smiley Steel Co.* v. *Schmoll*, 200 App. Div. 655; 235 N. Y. 520; *Conroy* v. *Barrett*, 95 Misc. Rep. 247; *Cochran* v. *Friedman*, 191 N. Y. Supp. 729; *Matter of United Artists Corp.* v. *Taylor*, 273 N. Y. 334; *Matter of National Cash Register Co.* v. *Taylor*, 276 N. Y. 208; *Matter of West Pub. Co.* v. *Taylor*, 276 N. Y. 535; *East Ohio Gas Co.* v. *Tax Comm.*, 283 U. S. 465; *Furst* v. *Brewster*, 282 U. S. 493; *Texoma Natural Gas Co.* v. *Railroad Comm.*, 59 Fed. Rep. [2d] 750; *Bell Tel. Co.* v. *State Board of Taxes*, 280 U. S. 338; *Western Union Tel. Co.* v. *Kansas*, 216 U. S. 1.)

*Per Curiam.* Chapter 873 of the Laws of 1934 (in effect August 18, 1934), so far as material, provided as follows:

" Notwithstanding any other provision of law to the contrary, any city of the state having a population of one million inhabitants or more acting through its local legislative body, is hereby authorized and empowered until December thirty-first, nineteen hundred thirty-five to adopt and amend local laws imposing in any such city any tax and/or taxes which the legislature has or would have power and authority to impose to relieve the people of any such city from the hardships and suffering caused by unemployment and make provision for the collection thereof by the chief fiscal officer of any such city.   *   *   * A tax imposed hereunder shall have application only within the territorial limits of any such city and shall be in addition to any and all other taxes.

" This act shall not authorize the imposition of a tax on any transaction originating and/or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits."

Under the authority thereby conferred, the Municipal Assembly of the city of New York enacted local laws imposing a tax upon the amount of receipts from every sale in the city of New York of tangible personal property sold at retail, with certain exceptions which do not embrace property sold by the petitioner, for the purposes referred to in the legislative act, containing provisions that they should " be construed in conformity with chapter eight hundred seventy-three, laws of nineteen hundred thirty-four," pursuant to which they were enacted (Local Laws of City of New York Nos. 20, 21, 24 and 25 of 1934 [published, respectively, as Nos. 21, 22, 25 and 26]; Local Law of City of New York No. 23 of 1935).

No tax could be imposed under the local laws upon sales at retail unless the transactions were consummated within the territorial limits of the city of New York. The facts here are not in dispute.  The contracts for the sale of the goods in question, expressly in some cases and

otherwise by implication or by the usages of the trade, required delivery by the seller at his own expense at points outside the territorial limits of the city of New York. Delivery was, in fact, so made in each case. Since the transactions were not consummated until such deliveries were made at the place and time and in the manner provided for, the transactions were not taxable under the above acts by the city of New York.

The order appealed from should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.