JULIUS A. SCHULMAN, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, May 1, 1942.

*Allin, Riggs & Shaughnessy* [*George L. Allin* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Julius Isaacs* and *Alfred D. Jahr* of counsel], for the defendant.

BERNSTEIN, J.  The determination of these cross-motions for summary judgment depends entirely upon the interpretation of subdivision 7 of section 384–13.0 of the Administrative Code of the City of New York.  The action is for commissions claimed to have been earned by the plaintiff, a real estate broker, for procuring some clients who bid in at auction a leasehold interest in real estate owned by the city.  The clients signed the memorandum of sale and paid the city the initial deposit required by the terms of sale, but eventually failed to enter into the lease or to assume its obligations.  Upon the refusal of the city to pay the

brokerage commission the plaintiff undertook to enforce payment on the familiar principle that where the contract has been executed between his principal and his clients, his right to compensation becomes fixed, regardless of the performance of the contract. (*Gilder* v. *Davis*, 137 N. Y. 504.)

Prior to 1921 there was no provision in the city charter authorizing the payment of brokerage commissions by the city of New York. By chapter 644 of the Laws of 1921 the Greater New York Charter was amended by the addition of section 205-c, authorizing the payment of such commissions upon the consummation of a sale or lease. That provision was carried over into the section of the Administrative Code, referred to above. Its pertinent matter reads as follows: " Upon the sale or lease of real property belonging to the city as herein provided, if such real property shall be sold or leased to a purchaser or lessee procured by a broker and the purchase price or rental accepted by the city upon the consummation of the sale or lease shall equal or exceed the offer made by such broker in behalf of the purchaser or lessee, the city is hereby authorized to pay the usual commissions to such broker. * * *." The defendant contends that under that statute the plaintiff cannot recover because the lease was never consummated.

The general rule that a broker is entitled to his commissions upon the execution of a contract of sale or lease is subject to the exception of an express agreement to the contrary. (*Saum* v. *Capital Realty Development Corp.*, 268 N. Y. 335; *Amies* v. *Wesnofske*, 255 id. 156; *Levy* v. *Forster*, 224 App. Div. 463.) Such an exception may also be incorporated in a statute. The language of the applicable section of the Administrative Code appears to have included such an exception here. Payment of commissions thereunder is conditioned upon two contingencies: (a) that the real property shall be " leased " to a lessee procured by the broker and (b) that the rental accepted by the city upon the " consummation of the lease " shall equal or exceed the offer made by such broker in behalf of the lessee. To lease property involves more than the signing of a memorandum of sale. It generally requires the execution of a formal indenture of lease. To consummate a contract is to carry it to its utmost completion. (1 Bouvier's Law Dict. [3d rev.] p. 650; Funk & Wagnalls New Standard Dict.) It has been so interpreted by our courts. (*American Mercantile Corp.* v. *Spielberg*, 262 Fed. 492; *Matter of Gunther's Sons* v. *McGoldrick*, 255 App. Div. 139; affd., 279 N. Y. 148; *Matter of United Artists Corp.* v. *Taylor*, 248 App. Div. 207; affd., 273 N. Y. 334.) To have consummated the lease here it was, therefore, necessary for the lessees to have received and accepted the formal lease described in

the terms of sale, to have made the $10,000 security deposit therein provided, and to have assumed all the obligations of lessees under that lease. Their failure to do so placed the plaintiff within the exception to the general rule and deprived him of a right to compensation.

The plaintiff's motion for summary judgment is denied and the cross-motion dismissing the complaint is granted. Let judgment be entered accordingly.