LEOPOLD D. STERN, Doing Business as L. D. STERN & Co., Appellant, *v.* GEPO REALTY CORP., Respondent, Impleaded with MICHAEL BERGER, Defendant.

First Department, June 5, 1942.

*Gerald Mayer* of counsel [*Halpern, Mayer & Pearce,* attorneys], for the appellant.

*Albert W. Clurman* of counsel [*Jacob J. Sachs* with him on the brief], for the respondent.

UNTERMYER, J. The action is by a broker against the Gepo Realty Corp., the owner of real property situated at Long Beach, L. I. The plaintiff's cobroker is named as a defendant because he has refused to become a party plaintiff in the action.

It is conceded that the brokers procured a buyer who entered into a written contract for the purchase of the property. The buyer, however, rejected title on account of the existence of certain taxes and assessments then liens against the property. The seller thereupon commenced an action to require the buyer to accept the title. In that action it was finally determined that the taxes and assessments constituted incumbrances which justified the action of the buyer.

The Special Term has granted the motion of the defendant Gepo Realty Corp. for summary judgment dismissing the complaint upon the ground that the memorandum agreement between the seller and the brokers contained a provision whereby the brokers agreed to accept $1,250 " as and for our commissions in connection with the sale, when and if consummated, of hotel property * * * of which Gepo Realty Corp. is now the owner and contemplates making sale to our proposed client." The memorandum having been executed on the same day as the contract of sale, we assume, without deciding, that the word " consummated " was intended to refer to the passing of title rather than to the execution of the contract of sale. The question remains, however, whether under the terms of such a contract the seller receives immunity from a claim for commissions when the seller is responsible for the failure of the transaction to be " consummated." Concededly, an affirmative act on the part of the seller which prevents the closing

of title would not, under such a stipulation, deprive the broker of commissions. But may the seller contract to deliver title free of such incumbrances and, by failing to discharge them, cause title to be rejected with the loss to the broker of commissions?

No doubt a contract could be devised between the owner and the broker which would protect the seller against claims for brokerage arising under such a state of facts, but we think that in the absence of language unmistakably indicating an intention to deprive the broker of commissions on account of the default of the seller, such a purpose is not to be implied. (*Colvin* v. *Post Mortgage . & Land Co.*, 225 N. Y. 510.) Rather must it be assumed that the parties intended the general rule to apply that " a party cannot insist upon a condition precedent when its non-performance has been caused by himself." (*Young* v. *Hunter*, 6 N. Y. 203.) The conclusion which we have expressed is sustained by the weight of authority in this State. (*Windsor Investing Corporation* v. *McLaughlin's Sons*, 130 Misc. 730; affd., 224 App. Div. 715; *Sesky* v. *Jolrane Realty Corporation*, 166 Misc. 564; affd., 254 App. Div. 827.)

The decision in *Amies* v. *Wesnofske* (255 N. Y. 156) is not controlling here. There it was held that the seller was under no obligation to pursue a recalcitrant purchaser with legal proceedings in order to protect the broker's commission, for the seller " makes no contract with his broker to procure from the vendee the performance of a contract of sale." The general principle, however, was reaffirmed that " if a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure." (*Amies* v. *Wesnofske, supra.*)

The order granting the motion of the defendant Gepo Realty Corp. for judgment dismissing the complaint and the order directing that judgment be entered in favor of said defendant, and the judgment entered thereon, should be reversed, with costs, and the motion denied.

MARTIN, P. J., and TOWNLEY, J., concur; GLENNON and DORE, JJ., dissent and vote to affirm.

DORE, J. (dissenting). The agreement on which plaintiff relies expressly provided that commissions were to be paid on the sale of the hotel property " when and if consummated." Properly interpreted that means commissions were to be paid only if the agreement of purchase and sale was completely performed and title actually passed. (*Amies* v. *Wesnofske*, 255 N. Y. 156, 161.) On the closing date title did not pass, the buyer having rejected title. Defendant seller by its acts did nothing to prevent consummation

of the sale. On the contrary, when the purchaser rejected title, the seller commenced an action against him for breach of contract, which was tried in Nassau county before the court without a jury and ultimately carried on appeal to the Court of Appeals. The affidavits on both sides refer to the action and plaintiff cites the case in the brief (*Gepo Realty Corp.* v. *Pierce*, 25 N. Y. Supp. [2d] 25 [no official report]; affd., 260 App. Div. 1041; affd., 286 N. Y. 641). The affirmance obviously was on the ground that certain liens for taxes had not been removed on the law day.

The findings of the trial court, however, show that defendant seller endeavored to satisfy the buyer on the numerous objections raised on May 8, 1939, the date of closing. Thus defendant offered to pay the unpaid school taxes and water rents and expressed a willingness to deposit the amount unpaid plus an additional sum to cover interest and penalties in escrow; and also offered to deposit in escrow the sum of $946.63 on a disputed balance due on a so-called beach improvement assessment. The trial court also found that certain tax liens were incumbrances, that an entry in the official record dated May 7, 1939, indicating a satisfaction of the liens, was not made that day but subsequent to May 9, 1939, and that the records had been altered to show satisfaction of the liens on May seventh. Largely because of this alteration, the court resolved the issues in favor of the purchaser and held that the seller was not ready on May 8, 1939, to deliver title as required by the contract, and that accordingly the purchaser had the right to reject title on the law day.

The commission clause in this contract was obviously inserted to guard against precisely such a contingency as here happened. Objections raised by purchasers on the date of closing are often in substance tenuous but in form sufficient legally to defeat a suit for specific performance, provided the buyer for his own reasons meticulously stands upon his strict legal rights and refuses any adjournment or any adjustment whatever to take care of discovered or claimed defects. Sometimes incurable defects in title are unexpectedly discovered. For these reasons, among others, sellers often feel compelled for their own protection to provide that commissions shall not be earned except upon complete performance of the contract of sale. The validity of such agreements cannot be questioned. (*Amies* v. *Wesnofske, supra;* 12 C. J. S. pp. 226, 227; 9 C. J. p. 630.)

True, the rule is that if defendants " by their acts prevented the performance by the plaintiff of the conditions of his contract," then the plaintiff is excused from such condition. (*Young* v. *Hunter*, 6 N. Y. 203, 207.) In that case defendants failed to furnish the

plaintiff with materials requisite to make a trial of a patent. Here the record shows that defendant seller was guilty of no affirmative act or acts on its part preventing performance, and no claim is even made of fraud or bad faith.

In *Amies* v. *Wesnofske* (*supra*) the purchaser, for his own reasons, also refused to perform. The Court of Appeals laid down the principle of law applicable to cases in which payment of commissions is expressly conditioned on consummation of the sale. After pointing out that the broker, in placing reliance on the self-interest of the vendor in procuring performance from the vendee, is ordinarily secure, the court without restriction or reservation stated the applicable rule as follows: " On principle, then, the duty of a vendor to his broker is fulfilled if he remain passive and neutral; the condition, upon which the payment of commissions is made to depend, is waived only where the vendor is active to prevent or hinder its performance. The principle has been applied in many jurisdictions." Distinguishing two cases relied upon, the court further said: " However that may be, the two cases do not derogate from the *principle* that to establish a waiver by a vendor of a condition of payment of commissions to his broker, viz., that an actual sale be consummated, there *must* be a *positive act* by the vendor hindering or preventing performance." (Italics mine.)

That rule is good law and accords with reason and justice. Any other rule would make it practically impossible for a seller, who in good faith seeks to consummate a sale, to protect himself against unfounded claims for commissions although title did not pass and commissions were conditional thereon. Any other rule would leave the seller at the mercy of the buyer who may refuse any adjournment even of one day or any adjustment however reasonable to correct defects. Then the seller who has lost the advantage of his contract faces a suit for commissions although they were expressly conditioned upon the consummation of the contract. That is what has happened here; indeed the attorney who represented the purchaser rejecting title now represents the broker suing to compel the seller to pay commissions on the sale that was prevented through no act on the seller's part.

Accordingly, I dissent and vote to affirm the judgment and orders appealed from, with costs.

GLENNON, J., concurs.

Order appealed from granting the motion of the defendant Gepo Realty Corp. for judgment dismissing the complaint, and the order directing that judgment be entered in favor of said defendant and the judgment entered thereon reversed, with costs to the appellant, and the motion denied.