## C. J. HENSON *v.* STATE of Arkansas

CR 77-170 557 S.W. 2d 617

Opinion delivered November 21, 1977
(Division II)

*Jeff Duty,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert M. Lyford,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. C. J. Henson was found guilty of violation of Ark. Stat. Ann. § 71-1301 (Repl. 1957) by acting as a real estate broker or salesman without a license. His appeal questions the applicability of the statute to his sale of a tract of real estate at auction under a power of attorney executed by the owner. It presents a question of statutory interpretation only. Since we agree with the state's interpretation and not appellant's, we affirm.

The statute makes it unlawful for any person to act as a real estate salesman or to advertise or assume to act as a real estate broker or salesman without having secured a regular valid license to do so issued by the Arkansas Real Estate Commission. It also makes it unlawful for any person to serve as auctioneer or participate in or supervise the auctioning of any real property in this state unless he has a valid regular license issued by the Arkansas Real Estate Commission authorizing him to act as a real estate broker or salesman. The definition of "real estate broker" in the act includes one

who for compensation or the expectation of compensation auctions real estate. Ark. Stat. Ann. § 71-1302 (Supp. 1975).

Appellant acted under a power of attorney executed by the landowner giving appellant "full power to sell and convey [the land in question] in fee simple, with a general warranty of title" and "full power to do and perform all and every act and thing whatsoever, requisite, necessary or proper to be done in and about the premises, as fully to all intents and purposes as [the owner] might or could do if personally present." No specific mention was made of a sale at auction.

Appellant argues that, under the rule of *Parker* v. *Wilson,* 99 Ark. 344, 137 S.W. 926, Ann. Cas. 1913 B 84, he was, in effect, the principal, rather than the agent, and stood in the shoes of the owner. Thus, he says, if the owner could have sold the property at auction, without running afoul of the statute, so could appellant.

We are somewhat at sea in trying to apply *Parker* v. *Wilson,* supra. No power of attorney was involved there and we find no language which supports appellant's view of the case. We there held that a guardian was not an agent. The court there defined agency as follows:

> An agency is defined to be "a contract, either express or implied, by which one of the parties confides to the other the management of some business, to be transacted in his name, or on his account, by which that other assumes to do the business and to render an account of it." 2 Kent. Comm. 612. It creates a relation between two or more parties, one of whom is principal and the other agent. The agent is the substitute of his principal, and derives his authority to act from him.

Saying the agent is the substitute of his principal certainly does not make the agent the principal. Anyone purporting to act as real estate agent, broker or salesman, without any power of attorney, could come within the broad scope of this statement. But appellant says that under the *Parker* holding, if the owner could have sold the land at auction, so could

appellant as attorney in fact. [1] We do not so read the statute. It provides for exemptions in Ark. Stat. Ann. § 71-1302 (Supp. 1975) which are stated, in pertinent part, as follows:

> The provisions of this Act shall not apply to any person, firm, partnership, co-partnership, association or corporation, who as owner or lessor shall perform any of the acts aforesaid with reference to property, owned or leased by them where such acts are performed in the regular course of, or as incident to the management of such property and the investment therein; nor shall the provisions of this Act apply to persons acting as attorney in fact under a full executed power of attorney from the owner authorizing the final consummation by performance of any contract for the sale, lease, or exchange of real estate, nor shall this Act be construed to include in any way the services rendered by an attorney at law in the performance of his duties as such attorney . . .

The exemption of the owner does not extend to an agent or attorney in fact. If it did, there would be little, if any, reason to add the specific exemption of an attorney in fact. Furthermore, the auctioning of real estate can hardly be said to come within the scope of "final consummation by performance of any contract for the sale, lease or exchange of real estate." The word "consummation" in reference to contracts may carry different connotations in different contexts. The definition given in Black's Law Dictionary and supported by most of the authorities listed under the definition in 9 Words and Phrases, p. 16, is: "To finish by completing what was intended; bring or carry to utmost point or degree; carry or bring to completion; finish; perfect; fulfill; achieve." To consummate a contract is to carry it to its ultimate comple-

---

[1]Although the terms are not synonymous, an attorney in fact is an agent even though all agents are not attorneys in fact. *Porter* v. *Hermann,* 8 Cal. 619 (1857); *White* v. *Furgeson,* 29 Ind. App. 144, 64 N.E. 49 (1902); *Nardi* v. *Poinsatte,* 46 F. 2d 347 (D.C. Ind., 1931). See also, *Dick* v. *State,* 107 Md. 11, 68 A. 576 (1908); Black's Law Dictionary (DeLuxe 4th Ed.) 164. The title or designation is used principally to distinguish such an agent from an attorney at law. *McLaren Gold Mines Co.* v. *Morton,* 124 Mont. 382, 224 P. 2d 975 (1950). See also, *Nardi* v. *Poinsatte,* supra.

tion. *Schulman* v. *City of New York,* 178 Misc. 593, 35 N.Y.S. 2d 100 (1942).

We have contrasted the consummation of a sale of real estate with the procurement of a contract of sale by considering the former as the fulfillment of the contract. *Vaughn* v. *O'Dell and Kleiner,* 154 Ark. 165, 242 S.W. 554. When used with reference to real estate transactions, the word ordinarily means to bring to utmost completion by such acts as the conveyance of title or delivery of a deed, and not merely the contracting for a sale, or the execution of a contract obligating the parties. *Beattie-Firth, Inc.* v. *Colebank,* 143 W. Va. 740, 105 S.E. 2d 5 (1958); *Cochran* v. *Ellsworth,* 126 Cal. App. 2d 429, 272 P. 2d 904 (1954); *Schulman* v. *City of New York,* supra; *Kirwan* v. *Parkway Distillery, Inc.,* 285 Ky. 605, 148 S.W. 2d 720 (1941). See also, *McGill* v. *Flemming,* 32 Cal. App. 2d 601, 90 P. 2d 341 (1939); *Stern* v. *Gepo Realty Corp.,* 264 App. Div. 265, 35 N.Y.S. 2d 240 (1942). The descriptive adjective "final" eliminates consideration of any other meaning. Final means terminating, completed, last, ultimate, conclusive. Black's Law Dictionary (DeLuxe 4th Ed.) 747; Webster's New International Dictionary (Second Edition). Although real estate was not involved, we recently held that an agreement of a subcontractor arising out a proposal made in Arkansas, accepted by a general contractor in Arkansas and performed in Arkansas was finally consummated in Arkansas under an arbitration clause fixing the place of arbitration as the state where the agreement was finally consummated, even though the subcontractor accepted and executed the contract in Ohio and the bid proposal submitted to the general contractor contained the arbitration clause. *Prepakt Concrete Company* v. *Whitehurst Bros., Inc.,* 261 Ark. 814, 552 S.W. 2d 212.

We find no basis for excluding or exempting appellant from the prohibitions and penal provisions of the statute. Accordingly, the judgment is affirmed.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.