WINDSOR INVESTING CORPORATION, Plaintiff, *v.* T. J. MCLAUGHLIN'S SONS, Defendant.

Supreme Court, New York County, November 16, 1927.

Brokers — real estate broker — commissions — after paying deposit, purchaser was not ready to perform on day title was to pass and defendant declared contract canceled — purchaser's complaint in action for specific performance was dismissed — purchaser appealed, but appeal was withdrawn and defendant returned amount of installment paid by purchaser — broker claims that defendant is liable for commissions by reason of withdrawal of appeal — summary judgment in plaintiff's favor denied.

In this action to recover a real estate broker's commission, it appears that after the execution of the contract of sale, the deposit on account of purchase price, and the first installment of plaintiff's commission paid, no deed was delivered because on the day title was to pass, the purchaser was not ready to perform and defendant declared the contract canceled. The purchaser then commenced an action for the specific performance of the contract and filed a *lis pendens.* Upon the dismissal of his complaint on the ground that his default was willful and through inexcusable negligence, he appealed. The appeal however, was withdrawn and the *lis pendens* canceled upon defendant's returning to him the amount of the deposit and an additional sum of $10,000.

The broker bases this action on the theory that by the settlement thus made, defendant prevented the performance of the condition upon which the second installment of commission was to become due, namely, the delivery of the deed and payment of the balance of the purchase of price.

Plaintiff in order to succeed in this action must show that the appeal taken by the purchaser would have been successful and that the purchaser would have tendered the balance of the purchase price but for the fact that the defendant took the necessary measures to cause a withdrawal of the appeal. Since the facts before the court on this motion do not show that the event upon the happening of which defendant's commission was payable was frustrated by any action of the defendant, but rather that it was because of the purchaser's default that title did not pass, summary judgment cannot be granted plaintiff:

it may be that plaintiff will be able to establish on the trial of the action that it was the defendant and not the purchaser who was guilty of the default, but even if the fact of the settlement were regarded as some evidence to that effect, a triable issue would be created.

MOTION by the plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

*Pfeiffer & Crames* [*Alexander Pfeiffer* and *Jacob F. Raskin* of counsel], for the plaintiff.

*Middlebrook & Sincerbeaux*, for the defendant.

FRANKENTHALER, J.   The action is to recover a real estate broker's commission in the amount of $4,925.   The pleadings and affidavits show that the plaintiff was employed as a broker to effect a sale of certain real estate owned by the defendant, it being agreed that the commission on the expected sale should be $9,850, one-half payable on the signing of the contract and the other half to be deemed earned only when the deed should be delivered and the balance of the purchase price paid.   The contract of sale was signed, a deposit on account of the purchase price was placed, and the first installment of the commission was paid.   No deed was ever delivered, however, nor was the balance of the purchase price ever paid.   On the law day the assignee of the purchaser (hereinafter referred to as the purchaser) was not ready and the defendant thereupon declared the contract canceled.   The purchaser then brought suit for specific performance and filed a *lis pendens*. In that action the complaint was dismissed after a trial at Special Term, on the ground that the default of the purchaser was willful or through inexcusable negligence.   (*Arrow Holding Corporation* v. *McLaughlin's Sons*, 116 Misc. 555.)   An appeal from this judgment was taken by the purchaser, but was later withdrawn and the *lis pendens* canceled upon the defendant returning to the purchaser the deposit of $20,000 and paying the additional sum of $10,000.

The broker bases this cause of action on the theory that by this settlement the defendant prevented the performance of the condition upon which the second installment of the commission was to become due, *i. e.*, the delivery of the deed and payment of the purchase price, and that consequently the defendant is liable.

As the plaintiff was not to have the second installment of its commission until the passing of title, it must show either that title has passed or that it would have passed but for action of the defendant preventing it.   (*Seymour* v. *St. Luke's Hospital*, 28 App. Div. 119.)   More specifically, the plaintiff must show that the appeal taken by the purchaser would have been successful, and also that

the purchaser would have tendered the balance of the purchase price but for the fact that the defendant took the necessary measures to cause a withdrawal of the appeal. The general rule is unquestioned that prevention by the defendant of the performance of a condition precedent excuses the non-performance of the condition; but it must be shown that the non-performance was actually due to the behavior of the defendant. If the condition would not have happened whatever the defendant's conduct, the condition is not dispensed with. (Williston Cont. § 677.) In the present case it seems that the real cause of the non-performance of the condition was the purchaser's default on the law day, a default which was held to be without reasonable excuse.

Decisions in analogous cases do not support the plaintiff's position. Where the broker's right to a commission is made contingent upon the passing of title, and title never passes, the broker cannot recover in cases where the default was solely that of the purchaser. (*Larson* v. *Burroughs*, 131 App. Div. 877; *Seymour* v. *St. Luke's Hospital, supra.*) Clearly the vendor is under no duty, for the broker's sake, to pursue a recalcitrant purchaser with legal proceedings in an attempt to make the contingency come to pass. (*Seymour* v. *St. Luke's Hospital, supra.*) Nor is the vendor liable to the broker if, upon the purchaser's apparent inability to perform his contract at a specific time, he consents to the cancellation of the contract and returns to the purchaser part of his deposit. (*Weiner* v. *Infeld,* 116 Misc. 323.) It has also been held that where the purchaser defaults but later demands a conveyance which is refused by the vendor, the latter is not liable to a broker whose right to compensation was conditional upon the passage of title. (*Van Norman* v. *Fitchette,* 100 Minn. 145.) If, however, the failure of the transaction was due solely to the vendor's unwillingness or inability to perform his obligation, the broker may recover his commission, the case being one where the defendant himself has prevented the performance of the condition upon which the broker's compensation was payable. (*Fuller* v. *Bradley Contracting Co.,* 183 App. Div. 6.) A third class of cases may arise when the vendor and purchaser cancel the contract of sale prior to default by either party. There the vendor has assisted in foiling the fulfillment of the condition. and has been held liable. (*Zittel & Sons* v. *Schwartz,* 192 App. Div. 353.) It may be questioned whether the result would be the same in such cases, if the vendor could show that the purchaser would not have performed in any event and that his consent to the cancellation was not the primary cause of the non-consummation of the transaction.

In the present case the facts now before the court do not show

that the event upon the happening of which the defendont's commission was payable was frustrated by any action of the defendant. It was able and willing to go forward on the agreed date, and if the purchaser had then shown a like ability and willingness, there would have been no difficulty. It was because of the purchaser's default that title did not pass. Later the purchaser resorted to an action for specific performance, which the defendant resisted. If the defendant was right in its position that the purchaser had defaulted, it clearly was under no duty to the plaintiff to acquiesce in the purchaser's later demand and to convey title. (*Van Norman* v. *Fitchette, supra; Seymour* v. *St. Luke's Hospital, supra.*) Although the defendant was successful at the trial, it saw fit to put an end to further litigation by paying the purchaser a considerable sum of money. While it is argued that this payment was an admission by the defendant that the trial court had committed reversible errors and that the purchaser would have prevailed in the higher courts, it is by no means conclusive. The removal of the *lis pendens* may well have been the moving cause of the compromise. The facts set forth in the affidavits would indicate that the contract had come to an end upon the purchaser's breach, and the defendant was thereafter at liberty to procure its formal cancellation and to compromise any rights claimed by the purchaser, without incurring any liability to the broker.

" The seller may not cancel the contract while it still has life. If he does he breaches his obligation to the broker. But when the contract has been broken by the buyer and no longer exists, the seller may cancel it, or, to put it more accurately, may cancel or compromise whatever rights, if any, grow out of it." (*Weiner* v. *Infeld, supra,* 328.)

The court does not agree with plaintiff's contention that the contract was " living " until the purchaser's appeal was withdrawn at the defendant's instance. The purchaser doubtless insisted that the contract was still in force and that its rights thereunder had not been extinguished, but the trial court in that action had held otherwise. What was " living " after the agreed date for closing was a legal proceeding between the parties to the contract, rather than the contract itself. At the very least, the court cannot now assume on the papers before it that the contract between the purchaser and the defendant continued in full force until the withdrawal of the appeal.

It must be evident that in order to succeed in this action it is incumbent on plaintiff to show that the default was on the part of defendant and not the purchaser produced by it. Not only has it failed to conclusively establish this fact, but it has made

part of its own moving papers the examination before trial of defendant's president, including his testimony that title did not close because the purchaser never fulfilled the terms of the contract. The evidence presented on the subject, therefore, accords with the decision of the court after the trial of the specific performance action. It may be that plaintiff will be able to establish on the trial of this action that it was the seller and not the purchaser who was guilty of the default. Suffice it, for the purpose of this motion, that even if the fact of the settlement were regarded as some evidence to that effect, the decision of the trial court in the action for specific performance and the testimony of the defendant's president on his examination before trial would create a triable issue.

The motion for summary judgment must be denied.