Bergan, J.
Plaintiff was a prequalified bidder of the defendant Board of Education, and having made the low bid of $418,175 for the heating and ventilating work for J. H. S. 56, Manhattan, was awarded the contract for this work by the board July 21, 1965. The contract was executed by plaintiff August 12, 1965; and by defendant August 13, 1965.
The contract contained a condition precedent to its effective existence. Article 44 provided that the agreement should not be binding ‘ ‘ unless the comptroller shall indorse hereon his certificate that there remains unexpended and unapplied * ® * a balance of the appropriation * * * sufficient to pay the estimated expense of executing this contract as certified by the officers making the same.”
On November 17, 1965 the defendant rescinded the contract. Plaintiff in the meantime had progressed the preliminary stages of the work. The comptroller has not indorsed on the contract his certification that an unexpended amount remains sufficient to pay the estimated expense of executing the contract although it was established on the trial without contradiction not only that there were funds available and sufficient for this contract, but that a later contract was certified and registered by the comptroller for this purpose.
It is established that the registration of the contract by the comptroller was withheld at the request of defendant Board of Education. Indeed, the board does not dispute this but argues here that it ‘ ‘ was justified in causing the condition precedent not to occur ”.
To plaintiff’s action for simple breach of contract the board interposed two affirmative defenses: (1) that the contract had not been indorsed by the comptroller as required by the contract and by section 93c-3.0 of the Administrative Code and that thereby plaintiff “ is precluded from recovering any money ”; (2) that the rescission of the contract by the board was justified by reason of false statements made by plaintiff in its prequalifying application.
At the trial the court expressly limited the issue to the effect of the absence of the comptroller’s certificate on the enforceabil *106 ity of the contract. Although defendant pleads as part of this defense that its resolution rescinding the contract was based on the falsity of plaintiff’s answers in the prequalification application, the underlying merits of the reasons for rescission were not examined by the court and were held for the trial of the second affirmative defense if that needed to be tried. The court found for defendant solely on the failure of the comptroller to certify and indorse the contract.
Therefore, the additional argument pursued by defendant in this court that its prevention or hindrance of the comptroller’s certification was justified by the conduct of the other party (Restatement, Contracts, § 315, subd. [1], par. [a], and 11 Williston, Contracts [3d ed.j, § 1296, p. 61) is not available. There is no proof in the record that defendant’s inducement of non-registration by the comptroller was justified on the merits by any false statement made by plaintiff.
Thus, the narrow issue is, as the Special Term and Appellate Division took it to be, whether the failure, on request by the defendant, of the comptroller to follow a mandatory duty to certify that there is enough money to pay the expenses incurred for the contract, if there is in fact enough money, is a good legal defense.
Since both the Special Term and all the Judges in the Appellate Division agree that the contract provision and not the statute (§ 93c-3.0) applies, the intention of the parties as to that provision becomes the controlling factor. The parties could not reasonably have intended more than that the comptroller’s certification was needed only as to the existence of the funds. There is no suggestion in any part of the instrument that they intended the comptroller should have a veto of the contract.
The general rule is, as it has been frequently stated, that a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition. In Stern v. Gepo Realty Corp. (289 N. Y. 274, 277) it was observed “ one may not take advantage of a condition precedent, the performance of which he himself has rendered impossible.” See, also, Sibbald v. Bethlehem Iron Co. (83 N. Y. 378, 384); Vandegrift v. Cowles Eng. Co. (161 N. Y. 435, 443).
*107 There are instances where this kind of frustration is justified by the conduct of the other party; but that is a question which ought to be litigated, and can be litigated on the merits of the second defense. A finding of excusable frustration cannot be made within the narrow limits of this record as the case was-tried. All that appears is an assertion by the defendant and nothing more. Nor was any request made at the trial to litigate this assertion of justification. There seems no reason, then, why the general rule is not applicable.
There are some similarities between the present case and Van Dolsen v. Board of Educ. (162 N. Y. 446) where the board made a contract for work, exhausted its funds and then refused to appropriate the amount needed for plaintiff, and Lowe v. City of New York (240 App. Div. 484) where the comptroller, although otherwise approving the contract, did not certify the availability of an applicable appropriation. These cases and People ex rel. Kiehm v. Board of Educ. (198 App. Div. 476) are not precisely in point, but they throw some light on the general problem presented.
The decision in Albany Supply & Equip. Co. v. City of Cohoes (25 A D 2d 700, affd. 18 N Y 2d 968) is distinguishable both on the ground the statute itself there made the contract invalid as the Appellate Division noted and the case involved a purpose of the contractor and city officials to avoid the statute.
A provision of a contract having one purpose — the showing of sufficiency of money to do the work—ought not be utilized to accomplish another purpose, when in fact the money is there and should be certified. The other grounds, if good enough on the merits to defeat the plaintiff’s action, should be used to defeat it.
The order should be reversed, with costs, and the case remitted to the Supreme Court, New York County.
Chief Judge Fuld and Judges Scileppi, Breitel, Jasen and Gibson concur; Judge Burke taking no part.
Order reversed, with costs, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.