OPINION OF THE COURT
 

 Wesley, J.
 

 Petitioner Garrison Protective Services, Inc. provided security services pursuant to a contract (designated contract SM-51W) with the New York City Department of Environmental Protection (DEP). The original contract term expired in August 1992. Prior to the expiration date, DEP exercised its unilateral right to extend the contract through October 26, 1992. As the extended expiration date approached, DEP again exercised its right to extend; the parties agreed that the contract would be continued through May 23, 1993. Garrison executed a change order to effectuate the second extension in February 1993. The change order was approved by DEP in early March 1993. Shortly thereafter, Garrison received a copy of the change order, stamped “registered.” Pursuant to the New York City Charter, all contracts must be registered with the Comptroller before they are implemented (NY City Charter § 328 [a]). Garrison thereafter continued to provide security services through May of 1993, receiving payments for services provided through December 9, 1992.
 

 After the second contract extension had been completed, the Comptroller’s office determined that the extended contract had never been properly registered. According to the Comptroller, the change form was not the proper mechanism to effectuate a contract extension. Thereafter, in June 1993, DEP submitted a contract extension form to the Comptroller for registration to
 
 *735
 
 validate the extension of the contract through May 1993. The Comptroller determined that this, too, was an improper mechanism for extending the contract. Finally, on or about July 12, 1993, DEP submitted a contract renewal form, which the Comptroller accepted as the proper mechanism for registering the contract.
 

 Prior to DEP’s determination to extend the contract in question a second time, the New York City Department of Investigation had begun an investigation into alleged fraud by Garrison with regard to the performance of several similar City contracts. Shortly after DEP submitted the renewal form in July 1993, City and Federal authorities executed a search warrant against Garrison and seized documents relating to City and Federal contracts. Immediately thereafter, DEP withdrew its renewal request; the Comptroller, therefore, never registered the renewal form.
 

 On January 3, 1994, Garrison filed a notice of claim for the contract value of the unpaid security services. The Comptroller undertook an audit to determine whether any payment on the claim was warranted as an “illegal but equitable” claim as permitted under section 7-206 of the Administrative Code of the City of New York. The audit ultimately concluded on October 18, 1994 that the amount claimed by Garrison for the services could not be substantiated, primarily because the records supporting the claim could not be located among those that had been seized and held by Federal authorities pursuant to the search warrant. The report also noted that as an “illegal but equitable” claim, Garrison was not entitled to its profit.
 

 Garrison commenced this CPLR article 78 proceeding on December 1, 1994, seeking to compel the Comptroller to register the contract and make payment thereon, or in the alternative to convert the proceeding to a plenary action for damages in the amount due under the contract.
 

 In October 1995, Garrison entered into a plea agreement in U.S. District Court, Eastern District, whereby it pleaded guilty to four counts of mail fraud (18 USC § 1341) and agreed to pay the City $177,000 over five years as restitution.
 

 On August 20, 1996, Supreme Court granted the petition for mandamus relief and ordered the Comptroller to pay the full amount claimed under the contract. The court reasoned that the contract was not registered as a result of DEP’s inability to submit the proper forms. “It is wrong for city agencies to make continuous filing and processing errors, all the while reaping
 
 *736
 
 the benefits of their improperly ‘registered’ contracts, only to turn around later and refuse to pay for those services because of their own errors.” The court rejected the Comptroller’s contention that Garrison’s admission in Federal court to defrauding the City on other similar contracts precluded registration and enforcement of the contract extension. Lastly, the court noted that it had been informed by Garrison’s counsel after the matter was argued that the documents necessary to verify the claim had been located and the City had done nothing to examine the documents to confirm or reject Garrison’s claim. The court concluded that the City would “not be permitted to stall this matter any further.”
 
 *
 
 The Appellate Division affirmed for “the reasons stated” at Supreme Court.
 

 We reverse. Mandamus does not lie to compel the performance of a discretionary act
 
 (Matter of Mullen v Axelrod, 1A
 
 NY2d 580). The Comptroller is under no duty to automatically register all contracts which the City and its agencies present. Indeed, section 328 (c) of the New York City Charter specifically provides that the Comptroller may object to registration where there is “reason to believe that there is possible corruption in the letting of the contract or that the proposed contractor is involved in corrupt activity.” By the time the purportedly proper extension form was submitted, there was reason to believe that Garrison may have been involved in corrupt activity, at least with regard to other contracts. At that point in time, the DEP withdrew its request to register the contract renewal. The Comptroller was therefore never given the opportunity to review the contract in the context of section 328 (c) and its procedural requirements. Supreme Court’s decision to grant mandamus would strip the Comptroller of that statutory discretion and its attendant protections of public funds.
 

 Garrison does not contend, nor did Supreme Court rule, that the original change order form (marked “registered”) was legally sufficient to extend the contract, and that the Comptroller failed to act on it within 30 days
 
 (see,
 
 NY City Charter § 328 [a] [2]). Rather, Garrison’s claim is that DEP’s failure to submit the proper forms should estop the City from denying the enforceability of the contract. This Court has long held that acceptance of services performed under an unauthorized contract does not estop a municipality from asserting the inva
 
 *737
 
 lidity of the contract
 
 (Seif v City of Long Beach,
 
 286 NY 382). DEP’s failure to submit the proper forms cannot be attributed to the Comptroller’s office, and misfeasance by the contracting agency does not waive the failure to register properly the contract with the Comptroller
 
 (Matter of Konski Engrs. v Levitt,
 
 69 AD2d 940,
 
 affd on opn below
 
 49 NY2d 850).
 

 While the courts below improperly granted judgment to Garrison on its mandamus to compel claim, Garrison’s petition broadly construed makes out a claim for review of the Comptroller’s decision denying its “illegal but equitable” claim (Administrative Code § 7-206;
 
 see also,
 
 NY City Charter § 1152 [e]). Supreme Court’s obvious frustration at the City’s failure to respond to attempts by Garrison’s counsel to provide access to the necessary audit materials is understandable. However, since that court did not pass on the denial of the “illegal but equitable” claim, which in any event cannot encompass the contract price, we remit the matter to Supreme Court for a determination on the merits of that claim. On remittal, the court may consider whether, under the circumstances of this case, the Comptroller’s denial of the “illegal but equitable claim” (including his failure to review the materials now available) was arbitrary and capricious.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Rosenblatt concur; Judge Levine taking no part.
 

 Order reversed, etc.
 

 *
 

 The court also denied a counterclaim by the City for payment of the restitution amount agreed to by Garrison in Federal court. The City has not contested that aspect of Supreme Court’s decision on appeal.