■ In the Matter of ELMWOOD-ANDERSON CORPORATION, Doing Business as JIMMY MAC'S, Respondent, v ANTONIA C. NOVELLO, M.D., as Commissioner of New York State Department of Health, et al., Respondents, and ANTHONY S. BILLITIER, IV, M.D., as Commissioner of Health of County of Erie, Appellant. [782 NYS2d 312]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered April 5, 2004 in a proceeding pursuant to CPLR article 78. The judgment granted the amended petition in part, annulled the determination of respondent Anthony S. Billitier, IV, M.D., Commissioner of Health, County of Erie, granted petitioner's application for a period of six months and remitted the matter to respondent for further review and consideration of petitioner's application.

It is hereby ordered that the judgment so appealed from be

and the same hereby is unanimously modified on the law by vacating the penultimate paragraph and as modified the judgment is affirmed without costs and respondent Anthony S. Billitier, IV, M.D., Commissioner of Health, County of Erie, is directed to reformulate the guidelines for implementation of the Clean Indoor Air Act within the bounds of the language and intent of that act prior to determining petitioner's application.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of Anthony S. Billitier, IV, M.D., the Commissioner of Health for the County of Erie (respondent), denying petitioner's application for a waiver of the smoking ban provided for in New York's Clean Indoor Air Act ([CIAA] Public Health Law art 13-E) and to compel respondent to grant the waiver. Respondent appeals from a judgment (denominated order) granting the amended petition in part, annulling his determination, granting petitioner a six-month waiver, and remitting the matter to respondent for further review and consideration of petitioner's application (*Matter of Elmwood-Anderson Corp. v Novello*, 3 Misc 3d 858 [2004]).

The CIAA was amended in July 2003 to prohibit smoking in bars and restaurants (Public Health Law § 1399-*o*). It provides, however, that an establishment may seek a waiver from the smoking ban based on "undue financial hardship" caused by the CIAA or on other factors that "would render compliance unreasonable" (§ 1399-u [1] [a], [b]). In December 2003, the New York State Department of Health (State) issued guidelines for implementation of the CIAA, including criteria for reviewing waiver applications. The guidelines provided three avenues for demonstrating undue financial hardship, and outlined certain conditions that would have to be met to minimize the adverse effects of a waiver if one were to be granted. In January 2004, the Erie County Department of Health (County) issued its own guidelines, which required a showing of a 15% reduction in sales in order to demonstrate financial hardship and required more stringent conditions than the State guidelines to minimize the adverse effects of a waiver.

Petitioner sought a waiver for its tavern/restaurant under the County's guidelines on the basis that factors exist that would render compliance with the CIAA unreasonable. Respondent denied petitioner's waiver application because petitioner had not demonstrated at least a 15% reduction in its sales tax receipts, and thus could not rely upon a downward change in its financial circumstances as its basis for asserting that compliance with the law would be unreasonable. Petitioner then commenced this proceeding to annul respondent's determination

and to compel respondent to grant a waiver, arguing that it has suffered undue financial hardship even though its sales have not dropped by 15%. Supreme Court annulled respondent's determination and granted petitioner a six-month waiver from the smoking ban, concluding that the County's guidelines for waivers were "arbitrary and capricious as well as irrational" (*Elmwood-Anderson Corp.*, 3 Misc 3d at 865).

We agree with the contention of respondent that, as the enforcement officer for Erie County, he has the authority to issue waiver criteria. The State guidelines contemplate that local officials will adopt their own guidelines, by stating that "[c]ity and county officials may, in their discretion, choose to follow some or all of the waiver guidance." Moreover, Public Health Law § 1399-u (1) provides that "[t]he enforcement officer may grant a waiver from the application of a specific provision of" the CIAA, and the CIAA defines the term "enforcement officer" as: "the board of health of a county . . . or in the absence thereof, an officer of a county designated for such purpose by resolution of the elected county legislature or board of supervisors adopted within sixty days after the effective date of this article. . . . If no such designation is made, the county will be deemed to have designated the [State Department of Health] as its enforcement officer" (§ 1399-t [1]).

We conclude, however, that the court properly determined that the County's waiver criteria are irrational and made in excess of respondent's authority inasmuch as they are inconsistent with the language and purpose of Public Health Law § 1399-u, and thus that the court properly annulled respondent's determination denying petitioner's application based on those criteria. While the "construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (*Matter of Barie v Lavine*, 40 NY2d 565, 568 [1976]), administrative agencies " 'have no authority to create a rule out of harmony with the statute' " (*Seittelman v Sabol*, 91 NY2d 618, 626 [1998], quoting *Matter of Jones v Berman*, 37 NY2d 42, 53 [1975]; *see Matter of Harbolic v Berger*, 43 NY2d 102, 109 [1977]).

The County's waiver criteria do not allow a waiver based on undue financial hardship as contemplated by the statute. We note that, where the concept of undue financial hardship has been considered in other contexts, perhaps most notably with respect to the Americans with Disabilities Act of 1990 (42 USC § 12101 *et seq.*), it generally is understood to include consideration of the financial impact of compliance in the context of the particular business's operations (*see* § 12111 [10] [B]; *US*

*Airways v Barnett*, 535 US 391, 402 [2002]). Because it is possible for a business to suffer undue financial hardship due to the CIAA without suffering a 15% reduction in overall sales, the County's waiver criteria are inconsistent with the statute, which requires that an applicant need only demonstrate that compliance with a specific provision of the CIAA would cause undue financial hardship (*see* Public Health Law § 1399-u [1] [a]).

We further conclude that the court properly determined that the County's criteria are inconsistent with the statutory provisions or are otherwise irrational with respect to the conditions imposed upon the grant of a waiver. As is evident from a comparison with the State's guidelines, the conditions or restrictions that the County would impose upon the grant of a waiver go well beyond the conditions or restrictions contemplated in section 1399-u (2). While we agree that the statute's waiver provisions in particular are intended to protect employees as well as nonsmokers from involuntary exposure to secondhand smoke (*see e.g. Altieri v Scott*, NYLJ, Oct. 2, 1991, at 30, col 1 [Sup Ct, Westchester County]), the general purpose of the statute is "to reduce exposure to second-hand smoke to the greatest degree practicable" (Governor's Mem approving L 1989, ch 244, 1989 McKinney's Session Laws of NY, at 2397), not to eliminate involuntary exposure to second-hand smoke by means that are impracticable.

Nevertheless, because respondent's authority to grant waivers under the CIAA is discretionary (*see* Public Health Law § 1399-u; *Empire State Rest. & Tavern Assn. v New York State*, 289 F Supp 2d 252, 259 [2003]), we conclude that the court exceeded its authority in granting a six-month waiver to petitioner. That type of remedy may properly be granted in a proceeding in the nature of mandamus to compel, but it is well settled that "[m]andamus does not lie to compel the performance of a discretionary act" (*Matter of Garrison Protective Servs. v Office of Comptroller*, 92 NY2d 732, 736 [1999]). We therefore modify the judgment by vacating the penultimate paragraph that granted the waiver, and we direct respondent to reformulate the guidelines within the bounds of the language and intent of the CIAA prior to determining petitioner's application. Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.