Eugene J. ORRICO; Brian J. Orrico; Bette J. Orrico; Jean M. Orrico; Craig A. Orrico; John E. Orrico; Wayne V. Keener; Carol M. Keener Trust, the Residuary Trust of Carol M. Keener, by and through Wayne V. Keener and Christina Thoren, Co–Trustees, Plaintiffs—Appellees,

v.

ALLIANT FOODSERVICE, INC., a Delaware corporation; US Foodservice Inc, a Delaware corporation, Defendants—Appellants.

No. 03–35516.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Dec. 27, 2004.

John D. Lowery, Esq., Gavin W. Skok, Esq., Riddell Williams P.S., Seattle, WA, for Plaintiffs–Appellees.

Jill Diane Bowman, Esq., Kathryn M. Milam, Stoel Rives LLP, Seattle, WA, for Defendants–Appellants.

Before: D.W. NELSON, THOMAS, Circuit Judges, and EZRA, District Judge.*

## MEMORANDUM **

Appellants Alliant Foodservice Inc. ("Alliant") and U.S. Foodservice ("USF") (together, "Appellants") appeal the district court's order granting summary judgment in favor of Appellees. In the order, the district court determined that Appellants breached a contract and awarded Appellees $7.2 million in damages. Appellants also appeal orders by the district court awarding prejudgment interest and attorneys' fees to Appellees and denying referral of earnout payment calculations to arbitration. We affirm in part and reverse and remand in part.

■ A district court's decision to grant summary judgment is reviewed de novo. *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). The district court correctly concluded that Appellants breached the Stock Purchase Agreement ("the Agreement") in which they agreed to purchase Appellees' company, K & N Meats ("K & N"), and pay Appellees a conditional earnout payment if the company attained certain levels

---

* The Honorable David Alan Ezra, Chief United states District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of financial performance. The record demonstrates that Appellants violated their contractual obligations and frustrated the condition precedent by terminating K & N's meat grinding operation and failing to migrate their customers to K & N. Under New York law, it is well-settled that "a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition." *Kooleraire Service and Installation Corp. v. Board of Education*, 28 N.Y.2d 101, 106, 320 N.Y.S.2d 46, 268 N.E.2d 782 (N.Y. 1971).

■ In certain circumstances a breaching party's frustration of a condition precedent is justifiable based on the conduct of the other party. 28 N.Y.2d at 107, 320 N.Y.S.2d 46, 268 N.E.2d 782. However, in the instant case, the circumstances Appellants cite to attempt to justify their breach of the contract occurred after Appellees sold the company, and are consequently, not attributable to Appellees.

■ While the district court correctly concluded that Appellants breached the contract, the court erred in awarding Appellees $7.2 million in damages. Appellees have cited a New York district court's decision in *Cauff, Lippman & Co. v. Apogee Finance Group, Inc.*, 807 F.Supp. 1007 (S.D.N.Y.1992) to argue that they are entitled to an award of damages in the amount of $7.2 million, the full amount promised by the contract if the condition precedent had been fulfilled.

However, *Cauff* does not address the issue Appellants have raised in this case— whether a nonrepudiating party is entitled to the full benefit of a condition precedent, when this condition would not have been achieved even if the breaching party had not frustrated it. The court in *Cauff* noted several times that if it had not been for the defendant's bad faith, the conditions prece-

dent would have been satisfied. *See, e.g.*, 807 F.Supp. at 1023.

Instead, a New York court's decision in *Windsor Investing Corporation v. T.J. McLaughlin's Sons*, 130 Misc. 730, 225 N.Y.S. 7 (N.Y.Sup.Ct.1927), *aff'd*, 224 A.D. 715, 229 N.Y.S. 926 (N.Y.App.Div.1928), is instructive. In *Windsor*, the court explained that

> [t]he general rule is unquestioned that prevention by the defendant of the performance of a condition precedent excuses the nonperformance of the condition; but it must be shown that the nonperformance was actually due to the behavior of the defendant. If the condition would not have happened, whatever the defendant's conduct, the condition is not dispensed with.

*Id.* at 11. *See also* Restatement (Second) Contracts § 245 cmt. b. (stating that "if it can be shown that [a] condition would not have occurred regardless of the lack of cooperation," the rule excusing non-occurrence if a party's breach by non-performance contributed materially to the non-occurrence does not apply).

Based upon the New York court's ruling in *Windsor*, the district court should have considered whether Appellees could have attained any payment under the Earnout Provision, even if Appellants had not breached the contract. The record demonstrates that genuine issues of material fact exist concerning this question that cannot be decided on a motion for summary judgment. Consequently, the court reverses the district court's decision on damages and remands this issue back to the district court.

■ The district court also erred in awarding prejudgment interest in the amount of $972,000. Since the district court incorrectly based its calculations on the amount of interest due on an award of

$7.2 million, the court remands the issue of prejudgment interest to the district court. Furthermore, even if the district court had properly awarded Appellees $7.2 million in damages, the court still erred in awarding prejudgment interest on the entire amount starting on December 5, 2001, the day that Appellants terminated the meat grind and stopped migrating clients. New York Civil Practice Law § 5001(b) ("Section 5001(b)") states that

> [i]nterest shall be computed from the earliest ascertainable date [a] cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

N.Y. C.P.L.R. § 5001(b) (McKinney 2004). In construing N.Y. C.P.L.R. § 5001(b), several courts have explained that in anticipatory repudiation cases where payments were due to the non-repudiating party over a period of time, prejudgment interest should be calculated from a reasonable intermediate date during which the payments due would have been made. *See, e.g., Esquire Radio & Electronics v. Montgomery Ward & Co.,* 804 F.2d 787, 796 (2d Cir.1986); *National Utility Service, Inc. v. Blue Circle Inc.,* 793 F.Supp. 52, 56 (N.D.N.Y.1992).

■ The district court did, however, properly conclude that Appellees are entitled to attorneys' fees and costs. Under Section 6.2(c) of the Agreement, Appellants agreed to indemnify Appellees from and against losses, and pay or reimburse Appellees for any and all losses resulting from Appellants' failure to perform any covenant or agreement. Section 6.1 of the Agreement defines the term "losses" to

include damages resulting from attorneys' fees.

■ Finally, the court concludes that the district court correctly determined that Section 1.4(d) of the Agreement does not require the parties to submit to arbitration all disputes concerning the amount of the Earnout Payment, including the question of damages. There is no evidence that the parties intended for Section 1.4(d) to govern disputes concerning damages resulting from a breach of contract. Instead this section of the Agreement only governs one limited situation. Section 1.4(d) states that after the Earnout Period ended, Appellants were required to give Appellees a calculation of the proposed earnout amount. If Appellees disagreed with the amount, they had thirty days to notify Appellants. The parties then had a set period of time in which to resolve the dispute, and if resolution was impossible, the Agreement required the parties to submit the dispute to an Earnout Auditor.

As Appellees point out, Appellants have presented no evidence that the parties ever intended for this clause of the Agreement to apply in any other situation. The Supreme Court has explained that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). As the Agreement does not indicate the parties' intent to submit the issue of damages resulting from a contract breach to arbitration, the court should affirm the district court's order denying the referral of calculation issues to arbitration.

In sum, we conclude that the district court properly determined that Appellants breached the contract and that Appellees should be awarded attorneys' fees. The district court also properly held that the contract did not require questions concern-

ing damages to be submitted to arbitration. However, the district court erred in concluding the Appellees were automatically entitled to receive damages in the full amount promised by the contract if the contract had been fulfilled and in awarding prejudgment interest in the amount of $972,000.

Each party shall bear their own costs.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.