**PROSPERITY PARTNERS, INC.,**
Plaintiff–Appellant,

v.

Virgilio **BONILLA**, Defendant–
Appellee.

No. 05–4234–cv.

United States Court of Appeals,
Second Circuit.

Oct. 10, 2007.

Matthew Jay Lane, Lake Park, FL, for Plaintiff–Appellant.

Harry H. Kutner, Jr., Mineola, NY, for Defendant–Appellee.

Present: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges, Hon. PAUL A. CROTTY,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Prosperity Partners, Inc. ("Prosperity") appeals from so much of an order of the United States District Court for the Eastern District of New York as granted defendant-appellee Virgilio Bonilla's motion for summary judgment and denied Prosperity's motion for entry of a default judgment. Bonilla appeals from so much of the order as denied his motion for sanctions. We assume the parties' familiarity with the underlying facts and procedural history of the case.

A district court's grant of a summary judgment motion is subject to *de novo* review. *Horvath v. Westport Library Ass'n,* 362 F.3d 147, 151 (2d Cir.2004). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The standard of review for the remaining issues is abuse of discretion. *See Shah v. New York State Dep't of Civ. Serv.,* 168 F.3d 610, 615 (2d

Cir.1999); *Perez v. Posse Comitatus,* 373 F.3d 321, 326 (2d Cir.2004).

Under the express terms of the agreement between Prosperity and Bonilla, the parties' obligations were "subject to and conditional upon [Prosperity's] ... obtaining ... a final court order issued by a court with appropriate jurisdiction ... directing the New York Lottery Commission to recognize this Agreement and to make the Assigned Payments...." By informing the New York State Supreme Court of his decision to rescind the agreement, Bonilla prevented the occurrence of that condition. This action, however, cannot have the effect of excusing the non-occurrence of the court order, *cf.* Restatement (Second) of Contracts § 245 (1981); 13 Williston on Contracts § 39:3 (4th ed. 2000); *Kooleraire Serv. & Installation Corp. v. Bd. of Educ.,* 28 N.Y.2d 101, 106, 268 N.E.2d 782, 320 N.Y.S.2d 46 (1971), because court approval of the underlying assignment is statutorily required, New York Tax Law § 1613(a) & (d); 21 NYCRR § 2803.11.

Whether Bonilla's action constituted a breach of the agreement depends on whether his actions blocking the condition breached the duty of good faith and fair dealing imposed upon each party to the contract (*see* Restatement (Second) of Contracts § 205 (1981); *Cross & Cross Properties, Ltd. v. Everett Allied Co.,* 886 F.2d 497, 502 (2d Cir.1989)). "The boundaries set by the duty of good faith are generally defined by the parties' intent and reasonable expectations in entering the contract." *Cross & Cross,* 886 F.2d at 502. It was within the reasonable expecta-

---

* Hon. Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

tion of the parties, who made the court order an express condition of their contract, that one or other party would take actions or make statements that could lead the court to decline approval of the transaction. We find no breach of the agreement. To the extent that Prosperity urges us to conclude otherwise relying on *Kooleraire*, 28 N.Y.2d 101, 106, 268 N.E.2d 782, 320 N.Y.S.2d 46, its argument may well run afoul of the public policy underlying New York Tax Law § 1613(a) & (d). Accordingly, we conclude that the district court properly granted summary judgment to Bonilla.

■ The district court did not abuse its discretion when it refused to grant a default judgment in favor of Prosperity and against Bonilla, who did not file his answer within the 20 days required by Fed. R.Civ.P. 12(a)(1)(A). "Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits.... While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981). Finally, the district court did not abuse its discretion in denying Bonilla's motion for Rule 11 sanctions.