OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, the petition is reinstated, and the matter is remitted to the City Court for a new trial.
In 2006, an action against landlord, pursuant to the Americans with Disabilities Act (ADA) (42 USC § 12101 et seq.) and New York law (Executive Law § 296), was settled with the entry of a consent decree requiring landlord to cure ADA violations in the common areas and in the premises occupied by its commercial tenants at the Cross County Shopping Center in Yonkers, New York. After an investigation revealed that a number of ADA violations existed at tenant’s premises, a restaurant, landlord notified tenant of the noncompliance and, following the service of a default notice and notice of termination, commenced this holdover summary proceeding based on tenant’s breach of a lease provision that requires tenant to make all necessary modifications and repairs to the premises as may be required “by any law or ordinance or any order or regulation of any public authority.” After a nonjury trial, wherein it was determined that the cost to tenant to achieve ADA compliance would exceed $500,000, and upon the testimony of tenant’s vice-president that the restaurant would be forced to close if compelled to satisfy every violation identified, the City Court determined that the “expense of alterations [was] totally disproportionate to the income of the business” and dismissed the petition.
We reverse, reinstate the petition and order a new trial.
*57 At the trial, tenant did not dispute the existence of the ADA violations at its premises. Rather, it asserted only that it could not afford to cure them and insisted that because the lease was executed prior to the enactment of the ADA, it was not bound by the lease requirement that its premises be accessible to the disabled. However, the ADA and related regulations require that preexisting architectural barriers to access by the disabled be removed where “readily achievable” (42 USC § 12182 [b] [2] [A] [iv]), that is, where such is “easily accomplishable and able to be carried out without much difficulty or expense” (42 USC § 12181 [9]). Landlord met its initial burden to establish the ADA violations at the premises and the modifications required to render the premises ADA-compliant (see generally Roberts v Royal Atl Corp., 542 F3d 363, 372-373 [2008]), and that tenant is bound by the terms of its lease to render its premises ADA-compliant. The burden, thus, shifted to tenant (id.) to establish that “the financial impact of compliance in the context of the particular business’s operations” (Matter of Elmwood-Anderson Corp. v Novello, 11 AD3d 969, 971 [2004]) would cause “undue hardship” (US Airways, Inc. v Barnett, 535 US 391, 402 [2002]).
The City Court dismissed the petition upon a finding that, taken as a whole, tenant met its burden of establishing that the cost of compliance was unduly burdensome. However, we do not agree that the analysis turns on an all-or-nothing proposition. ADA compliance is to be carried out to the “maximum extent feasible” (28 CFR 36.402 [a] [1]). Where full compliance proves economically unfeasible, the party responsible for compliance must undertake whatever modifications, considered in isolation or in connection with necessarily related modifications, as are “readily achievable” (28 CFR 36.304 [a]). The federal regulations contain “priorities” guidelines which establish an order of modifications deemed maximally to promote access by the disabled even where it' is not economically feasible to achieve complete compliance (28 CFR 36.304 [c]). If resources do not permit full compliance, it is not necessary that the priorities be completely satisfied in the order set forth in the guidelines. Rather, what is readily achievable should be determined by applying the available resources to such alterations as may promote the priority standards, considered as a whole, and as informed by an analysis of how accessibility values may be maximized (see e.g. Roberts v Royal Atl. Corp., 542 F3d at 373). There were no findings of fact as to what modifications, if any, are economically feasible at tenant’s premises.
*58 Accordingly, the final judgment dismissing the petition is reversed, the petition reinstated, and the matter is remitted for a new trial on the issue of tenant’s ability to render its premises ADA-compliant, at least to the extent readily achievable.
Iannacci, J.E, Nicolai and Molía, JJ., concur.