■ TIG INSURANCE COMPANY, as Successor by Merger to INTERNATIONAL INSURANCE COMPANY, Appellant, v COUNTY OF SUFFOLK, Respondent. [995 NYS2d 158]—

In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (LaSalle, J.), entered December 5, 2012, which, upon a jury verdict, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The defendant, County of Suffolk, had an insurance policy from a predecessor of the plaintiff, TIG Insurance Company (hereinafter TIG), with policy limits of $36,500,000 per occurrence, and a self-insured retention of $750,000. After TIG settled a claim against the County that constituted an occurrence covered by the policy for an amount in excess of the self-insured retention of $750,000, it commenced this action to recover the self-insured retention amount, alleging that the County was in breach of the policy for failure to contribute that sum to the settlement of the claim. It was undisputed that the County needed the approval of the County Legislature in order to release $750,000 to fund the settlement. The County claimed that it never asked for legislative approval to release those funds because it never approved the settlement. At a jury trial, the County submitted evidence that TIG decided to enter into a settlement without County approval, and that the settlement did not involve County money.

TIG requested jury instructions stating, inter alia, that "[a] party to a contract cannot prevail when its action or inaction frustrated or prevented performance of the contract," and since the County never sought legislative approval for the settlement, the jury could "not find against TIG based on the absence of such approval." The trial court declined to give the requested instructions. On appeal, TIG claims that refusal to give such instructions constituted reversible error warranting a new trial.

Here, the County did not contend that the lack of approval of the settlement by the County Legislature justified or excused its failure to pay the self-insured retention to TIG. Rather, the County argued that it was not required to contribute the self-insured retention toward the settlement because TIG unilater-

ally settled the claim (cf. *Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y.*, 28 NY2d 101 [1971]). The County did not seek approval of payment of the self-insured retention to TIG because, in its view, it did not owe TIG the self-insured retention. Under these circumstances, the instructions requested were not warranted. Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.