■ Frank Brunckhorst Co., LLC, Appellant, v JPKJ Realty, LLC, Respondent. [12 NYS3d 241]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 3, 2013, as denied those branches of its motion which were for summary judgment dismissing the first, third, fourth, and sixth counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about November 1, 2007, the plaintiff and the defendant entered into a commercial lease, pursuant to which the defendant leased to the plaintiff the ground floor, cellar, and "rear yard roof area" of a building situated in Brooklyn. Paragraph 44 (c) of the rider to the lease provided that if a permanent certificate of occupancy for the building was not issued within 12 months following the "Commencement Date," elsewhere defined as the date that the defendant delivered the demised premises vacant and broom clean to the plaintiff, the plaintiff had the

right to terminate the lease without liability or obligation. By letter dated July 13, 2009, the plaintiff wrote to the defendant, stating that since a permanent certificate of occupancy had not been issued, the plaintiff was terminating the lease pursuant to paragraph 44 (c).

Subsequently, the plaintiff commenced this action, inter alia, to recover damages for breach of the lease, seeking to recover a letter of credit and a portion of rent paid for July 2009. The defendant answered and asserted affirmative defenses and counterclaims. As relevant to this appeal, the defendant alleged in the first, third, fourth, and sixth counterclaims that the plaintiff breached the lease by, inter alia, failing to complete certain renovations and repairs in a timely manner, which prevented the defendant from obtaining a permanent certificate of occupancy. The plaintiff moved for summary judgment dismissing the counterclaims. In the order appealed from, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment dismissing the first, third, fourth, and sixth counterclaims.

The plaintiff established its prima facie entitlement to judgment as a matter of law dismissing the first, third, fourth, and sixth counterclaims. In support of its motion, the plaintiff submitted the affidavit of a building consultant, who opined that, as of July 2009, the premises had various "open issues" and outstanding violations which would have "prevented a [permanent certificate of occupancy] from issuing." The building consultant further stated that "[e]ach of these issues would have to be resolved by the [b]uilding's owner, not by a tenant such as [the plaintiff], before a [permanent certificate of occupancy] could be issued."

In opposition, the defendant raised a triable issue of fact as to whether the plaintiff's conduct caused the defendant's failure to obtain a permanent certificate of occupancy. "[U]nder the doctrine of prevention, when a party to a contract causes the failure of the performance of the obligation due, it cannot in any way take advantage of that failure" (13 Richard A. Lord, Williston on Contracts § 39:3 [4th ed May 2015]; see Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y., 28 NY2d 101, 106 [1971]; Lager Assoc. v City of New York, 304 AD2d 718, 719 [2003]; A-1 Gen. Contr. v River Mkt. Commodities, 212 AD2d 897, 900 [1995]). Here, the defendant submitted, inter alia, the affidavit of a licensed certified engineer, who stated, among other things, that all of the work that needed to be completed by the defendant in order to obtain a permanent certificate of occupancy had been completed. The engineer fur-

ther stated that, in order to submit an application for a permanent certificate of occupancy, the defendant was required to submit paperwork showing that the core construction work being performed by the plaintiff had been completed and conformed to the plans submitted by the plaintiff's architect. The engineer stated that, although the defendant attempted to obtain sign-off forms from the plaintiff confirming that this work had been completed in conformance with the plans submitted by the plaintiff's architect, the plaintiff never provided the sign-off forms.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment dismissing the first, third, fourth, and sixth counterclaims. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.