Sapp v Clark Wilson, Inc. (2022 NY Slip Op 04185)

Sapp v Clark Wilson, Inc.

2022 NY Slip Op 04185

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
CHERYL E. CHAMBERS, JJ.

2019-04141
 (Index No. 12230/15)

[*1]Dianna Sapp, et al., plaintiffs, 
v
Clark Wilson, Inc., et al., defendants, We Always Care, Inc., appellant, New York City Department of Homeless Services, respondent..

Underweiser & Underweiser LLP, White Plains, NY (Jeffrey B. Underweiser, Barry L. Mendelson, and Kucker Marino Winiarsky & Bittens LLP [Nativ Winiarsky], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Zachary S. Shapiro of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, for declaratory relief, the defendant We Always Care, Inc., appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 5, 2019. The order, insofar as appealed from, denied that defendant's motion for partial summary judgment on its cross claims against the defendant New York City Department of Homeless Services and granted those branches of the cross motion of the defendant New York City Department of Homeless Services which were for summary judgment dismissing the second and third cross claims asserted against it by the defendant We Always Care, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
From 2008 through 2014, CAMBA, Inc. (hereinafter CAMBA), provided transitional housing and services to homeless families pursuant to a contract with the defendant New York City Department of Homeless Services (hereinafter DHS). In 2014, the appellant, We Always Care, Inc. (hereinafter the appellant), took over for CAMBA as the service provider at certain buildings in Brooklyn, and in 2015, signed a contract with DHS to provide transitional housing and services at those buildings (hereinafter the subject buildings). DHS submitted the contract to the Office of the New York City Comptroller (hereinafter the Comptroller) for registration, as required pursuant to New York City Charter § 328. After the Comptroller requested amendments and additional information, DHS withdrew and then resubmitted the contract to the Comptroller. The Comptroller then raised a concern regarding a potential conflict of interest on the part of the appellant due to an apparent relationship with the owners of the subject buildings, and requested additional information. DHS again withdrew the contract, and it was never registered. The City did not make payments on the unregistered contract.
In 2015 and 2016, the appellant and DHS were named as defendants in two actions, later consolidated, which were commenced against, among others, the owners of the subject buildings by homeless families housed therein. The appellant asserted cross claims against DHS, alleging that DHS breached the 2015 contract by failing to make payment thereunder. The appellant alternatively sought to recover against DHS in quantum meruit and based upon promissory estoppel [*2]and an account stated. The appellant moved for partial summary judgment on its cross claims, and DHS cross-moved for summary judgment dismissing the cross claims. By order dated February 5, 2019, the Supreme Court, inter alia, denied the appellant's motion and granted those branches of DHS's cross motion which were for summary judgment dismissing the second and third cross claims, which forth the equitable claims.
The Supreme Court properly denied that branch of the appellant's motion which was for partial summary judgment on its breach of contract cross claim. Section 328(a) of the New York City Charter provides, in pertinent part: "No contract or agreement executed pursuant to this charter or other law shall be implemented until (1) a copy has been filed with the comptroller and (2) either the comptroller has registered it or thirty days have elapsed from the date of filing, whichever is sooner." "The Comptroller is under no duty to automatically register all contracts which the City and its agencies present" (Matter of Garrison Protective Servs. v Office of Comptroller of City of N.Y., 92 NY2d 732, 736). "Indeed, section 328(c) of the New York City Charter specifically provides that the Comptroller may object to registration where there is 'reason to believe that . . . the proposed contractor is involved in corrupt activity'" (id. at 736). "'A municipal contract which does not comply with statutory requirements or local law is invalid and unenforceable'" (Mans Const. Oversite, Ltd. v City of Peekskill, 114 AD3d 911, 911, quoting Infrastructure Mgt. Sys. v County of Nassau, 2 AD3d 784, 786).
Here, although the appellant demonstrated, prima facie, that 30 days had elapsed after the contract was submitted to the Comptroller and before the contract was withdrawn, in opposition, DHS raised triable issues of fact as to whether the contract had, in fact, been withdrawn within 30 days of its submission to the Comptroller. Furthermore, the appellant failed to demonstrate its prima facie entitlement to judgment as a matter of law on the basis that DHS frustrated or prevented the occurrence of a condition precedent to the contract (see Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y., 28 NY2d 101, 106). Rather than demonstrating, as the appellant maintains, that DHS used the registration requirement as a sword to avoid a contract it no longer wished to honor, the record evinces that the Comptroller intended to "return[ ]" the contract unless the concerns about the corruption of the contractor were resolved. The record further evinces that DHS made efforts to resolve the difficulties but was unable to do so prior to the Comptroller's deadline. Under these circumstances, the Supreme Court properly declined to award the appellant partial summary judgment on its breach of contract cross claim (see id. at 106; Michael R. Gianatasio, PE, P.C. v City of New York, 159 AD3d 659, 660; Mans Constr. Oversite, Ltd. v City of Peekskill, 114 AD3d at 911-912).
The Supreme Court did not err in awarding summary judgment to DHS dismissing the cross claims alleging quantum meruit, promissory estoppel, and an account stated. A contract with a municipality cannot be implied where the manner for contract approval has been prescribed by law and those requirements have not been satisfied (see Mid-Atlantic Perfusion Assoc., Inc. v Westchester County Health Care Corp., 54 AD3d 831, 832). Furthermore, in general, "acceptance of services performed under an unauthorized contract does not estop a municipality from asserting the invalidity of the contract" (Matter of Garrison Protective Servs., Inc. v Office of Comptroller of City of N.Y., 92 NY2d at 736), and this case does not fall within a limited exception to that general rule (see Mans Const. Oversite, Ltd. v City of Peekskill, 114 AD3d 911; Mid-Atlantic Perfusion Assoc., Inc. v Westchester County Health Care Corp., 54 AD3d 831). Finally, the evidence demonstrated that there was neither an express nor an implied agreement between the parties to an account (see Branch Servs., Inc. v Cooper, 102 AD3d 645, 646-647; Ross v Sherman, 57 AD3d 758, 759).
The appellant's remaining contention is without merit.
Accordingly, we affirm the order insofar as appealed from.
DUFFY, J.P., CONNOLLY, IANNACCI and CHAMBERS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court