Agosta v Abraham (2023 NY Slip Op 02934)

Agosta v Abraham

2023 NY Slip Op 02934

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Oing, Gesmer, Singh, Shulman, JJ. 

Index No. 653058/22 Appeal No. 358 Case No. 2023-00372 

[*1]Jeffrey A. Agosta et al., Plaintiffs-Respondents,
v
Liav Abraham, Defendant-Appellant.

Davidoff Hutcher & Citron LLP, New York (Joshua Krakowsky of counsel), for appellant.
Kellner Herlihy Getty & Friedman LLP, New York (Carol Anne Herlihy of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J), entered January 4, 2023, which, to the extent appealed from, granted plaintiffs' motion for summary judgment on their cause of action for a declaration that defendant defaulted in her obligations under the contract and that plaintiffs are entitled to retain the contract deposit of $275,000 and so declared, and denied defendant's cross-motion for summary judgment for the return of the contract deposit, unanimously affirmed, with costs.
Plaintiffs attested, and defendant has failed to refute, that from the time plaintiffs executed the contract, they were ready, willing, and able to deliver the stock and lease. As the motion court noted: "[D]efendant has not specified one action or inaction by plaintiffs (sellers) that would constitute an inability to perform; to the contrary, it appears undisputed that any delay and inability to close timely was solely based on the defendant's conduct." "[A] party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition" (Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y., 28 NY2d 101, 106 [1971]).
Thus, defendant was not in a position to take advantage of the section 16 cancelation provision and ultimately defaulted by withdrawing her board application. "It is well-settled that absent a breach on the part of the seller, a purchaser who defaults on a real estate contract without lawful excuse cannot recover its down payment" (Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 137 [1st Dept 2012]). Defendant's breach of her obligations under paragraph 6.2 of the Contract gave the plaintiffs the right to terminate the contract and retain the deposit as liquidated damages under paragraph 13.1 of the Contract, which plaintiffs exercised by means of their attorney's letter dated August 16, 2022.
Defendant argues that the fault for the delay in closing is irrelevant. This argument is unavailing as the clause she relies upon to cancel the contract without default is titled "Seller's Inability." Moreover, while the evidence here is undisputed that it was defendant (the buyer) who is responsible for the delay in closing, the decisions she relies upon involve a seller who is unable to perform by the closing deadline (see e.g. Perez-Gurri v Steffen, 189 AD3d 559 [1st Dept 2020]; Jordan v Benjamin-Beechwood
Dune, 178 AD3d 904 [2d Dept 2019]; Fucarino v Tide Way Homes, 306 AD2d 375 [2d Dept 2003]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023