OKL Holdings, Inc v Abercrombie & Fitch Stores Inc. (2024 NY Slip Op 00141)

OKL Holdings, Inc v Abercrombie & Fitch Stores Inc.

2024 NY Slip Op 00141

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 651061/23 Appeal No. 1389 Case No. 2023-03183 

[*1]OKL Holdings, Inc, Plaintiff-Appellant-Respondent,
v
Abercrombie & Fitch Stores Inc., Defendant-Respondent-Appellant.

Gallett Dreyer & Berkey, LLP, New York (Morrell I. Berkowitz of counsel), for appellant-respondent.
Crowell & Moring, New York (Eric S. Aronson of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Paul A. Goetz, J), entered June 20, 2023, which, insofar as appealed from as limited by the briefs, denied defendant's motion to dismiss the complaint and denied plaintiff's cross-motion for sanctions under 22 NYCRR § 130-1.1, unanimously modified, on the law, to grant the motion to dismiss, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
This breach of contract action concerns a sub-sublease in which plaintiff sub-sublandlord OKL Holdings Inc. purported to lease premises in Manhattan to defendant sub-sublessee Abercrombie & Fitch Stores, Inc. The sub-sublease stated that it was contingent on obtaining written consent "in a form and substance mutually agreed upon" by the overlandlord, the tenant, plaintiff, and defendant (the landlord's consent), and that the sub-sublease would not go into effect until the landlord's consent was fully executed. Both plaintiff and defendant signed the sub-sublease. However, although plaintiff, the overlandlord, and the tenant signed the landlord's consent, defendant never did so.
Supreme Court should have granted the motion to dismiss the complaint, as an express condition precedent was not satisfied, and thus plaintiff failed to state a cause of action for breach of contract (see e.g. Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690-691 [1995]). Although a fully executed landlord's consent was required to give effect to the sub-sublease, the documentary evidence showed that the consent was not fully executed because defendant never signed it (see Cabrera Capital Mkts., LLC v Further Lane Sec., L.P., 2013 WL 5462373, 2013 US Dist LEXIS 142608 [SD NY, Sept. 25, 2013, No. 12 Civ. 2898(DAB)]). The sub-sublease required commercially reasonable efforts to obtain consent only "to the extent set forth in this Section 19(b)," which imposed a duty of commercially reasonable efforts solely on plaintiff. Both parties were sophisticated entities represented by counsel during negotiations over the sub-sublease, and plaintiff was free to negotiate a form that required only the overlandlord's signature or that imposed a "commercially reasonable" standard on defendant (see Oppenheimer & Co., 86 NY2d at 695).
Plaintiff argues that the prevention doctrine prohibits defendant from asserting the failure of a condition precedent that it caused to fail. The prevention doctrine "rests on an implied obligation under the contract not to frustrate or prevent the performance of the condition precedent" (HGCD Retail Servs., LLC v 44-45 Broadway Realty Co., 37 AD3d 43,53 [1st Dept 2006], citing Consolidated Edison, Inc. v Northeast Util., 426 F3d 524, 529 [2d Cir 2005]). Thus, "'a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the incident'" (id., quoting Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y., 28 NY2d 101, 106 [*2][1971]). Conversely, however, a plaintiff may not "achieve through the prevention doctrine a right denied to it under the terms of the [parties'] agreement" (HGCD Retail Servs., 37 AD3d at53-54 [internal quotation marks omitted]). Here, defendant has not prevented any other person from performing, and has violated no express or implied obligation. It has merely declined to execute the landlord's consent, which it had no duty to execute.
We agree with Supreme Court that defendant's motion was not frivolous under the facts of the case. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024